## Richmond

VIRGINIA EMPLOYMENT COMMISSION v. WILLIAM H. COLEMAN.

January 14, 1963.

Record No. 5512.

Present, All the Justices.

The opinion states the case.

*Harold V. Kelly, Assistant Attorney General (Robert Y. Button, Attorney General; Thomas O. Beane, Special Counsel,* on brief), for the appellant.

*Marion B. West,* for the appellee.

SNEAD, J., delivered the opinion of the court.

This appeal by Virginia Employment Commission resulted from the entry of a decree by the Corporation Court of the City of Alexandria reversing the decision of the Commission which held that William H. Coleman, claimant, was ineligible for unemployment benefits from December 5, 1960 through February 2, 1961, the date of the hearing before the Commission.

On December 5, 1960, William H. Coleman filed with the Commission his claim for unemployment benefits. A deputy of the Commission investigated the claim and found that Coleman was disqualified from receiving benefits because he had been discharged for misconduct in connection with his employment. The claimant appealed from this finding to the appeals examiner and after a hearing the decision of the deputy was affirmed. The claimant then filed an appeal to the Commission and another hearing was had, at which time additional evidence was submitted by the claimant. The Commission reversed the decisions of the deputy and the appeals examiner regarding disqualification for misconduct but held that the claimant was ineligible for benefits from December 5, 1960 through February 2, 1961, because he was not "available for work" during this period. It was provided that should the claimant ever meet the requirements of the Unemployment Compensation Act, "no disqualification shall be imposed in connection with his separation."

Pursuant to the provisions of § 60-55, Code 1950, the claimant filed an appeal for a judicial review of the Commission's decision in the Corporation Court of the City of Alexandria. After reviewing the record of proceedings before the Commission and those had and appealed from to the Commission, the court by its decree of September 13, 1961, held that the record shows "that the complainant, William H. Coleman, was actively and unrestrictively seeking employment, and therefore as a matter of law was available for work in compliance

with the provisions of Section 60-46(c) of the Code of Virginia" and that the finding of the Commission that he was not available for work was not supported by the record. The court further held that the claimant was, as a matter of law, entitled to be paid unemployment benefits for the period of his unemployment in the amount provided for by law. The assignments of error challenge the correctness of these rulings.

Subsequent to the filing of its petition for appeal, the Commission filed here a motion to "dismiss, vacate and to declare void" the decree appealed from on the ground that the Corporation Court of the City of Alexandria lacked jurisdiction to take cognizance of the petition for judicial review. In substance the motion alleged that the trial court was without potential jurisdiction of the subject matter since § 60-55, under which claimant expressly sought a judicial review, confers jurisdiction in such causes only upon the circuit court of the county or the corporation or hustings court of the city in which the claimant was last employed, and that the record shows the claimant was last employed at Columbia Hospital for Women, which is located in Washington, D. C., according to an affidavit of the hospital's administrator attached to the motion.

Section 60-55, Code 1950, provides in part:

"Judicial Review.—Within ten days after the decision of the Commission upon a hearing pursuant to § 60-52 has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court of the county or in the corporation or hustings court of the city, or if the city has no corporation or hustings court, then in the circuit court of the city, or if no circuit court, then in the circuit court of the county in which such city is geographically located, in which the individual who filed the claim was last employed, against the Commission for the review of its decision, in which action any other party to the proceedings before the Commission shall be made a defendant. * * * In any judicial proceedings under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of such court shall be confined to questions of law. * * * An appeal may be taken from the decision of such court to the Supreme Court of Appeals * * * the Supreme Court of Appeals shall have jurisdiction to review such decision regardless of the amount involved in any claim for benefits. It shall not be necessary, in any proceeding under this chapter, to enter ex-

ceptions to the rulings of the Commission or an appeal tribunal * * *".

The Commission argues that since § 60-55, *supra*, requires that a petition for judicial review be filed in the circuit, corporation or hustings court where the claimant was last employed and since the claimant was not last employed in the city of Alexandria, but was last employed in Washington, D. C., the Corporation Court of the City of Alexandria lacked potential jurisdiction to take cognizance of the claimant's petition for judicial review.

In order to give the intended effect to the Unemployment Compensation Act the phrase, "was last employed", contained in § 60-55, means "was last employed in this State". To construe the statute otherwise would be to hold that the claimant, who resides in Alexandria and admittedly has employment credits in Virginia, and others similarly situated would have no right to a judicial review of the Commission's decisions in this State. The statute confers jurisdiction of the subject matter on courts of record. However, the Corporation Court of the City of Alexandria, was not the proper court for Coleman, the claimant, to prosecute his appeal for judicial review. The proper venue would have been in the court of record where he was last employed in this State. But since the Commission did not file a plea in abatement and permitted the court to review its decision and decide the case without objection, the motion to dismiss is denied.

The claimant contends that this court does not have jurisdiction to entertain this appeal, because there has been no showing that the amount involved is $300 or more. In support of his contention he cites *Blankenship* v. *Virginia U. C. C.*, 177 Va. 250, 13 S. E. 2d 409. There we said: "We have reached the conclusion that one who claims that a decision of the Unemployment Compensation Commission, in a matter merely pecuniary, is in error, must show that the jurisdictional amount of $300 is involved before he can be heard by this court. * * *." 177 Va. at p. 258.

The claimant, however, overlooks the fact that after the decision in the *Blankenship* case the General Assembly of 1942 amended the Act and conferred jurisdiction on this court to review decisions of the Commission pertaining to benefit claims, regardless of the amount involved. Section 60-55, *supra*, provides "* * * the Supreme Court of Appeals shall have jurisdiction to review such decisions regardless of the amount involved in any claim for benefits."

The onus was upon the claimant to prove to the Commission that he had complied with the provisions of the Act in order to receive

benefits. One of the requirements is that before an unemployed person is eligible to receive benefits with respect to any week the Commission must find that he "is available for work." (§ 60-46(c)). In *Unemployment Comp. Comm.* v. *Tomko,* 192 Va. 463, 468, 65 S. E. 2d 524 we said:

"In order to recover compensation benefits under the statute the burden is on the claimant to show that he has met the benefit eligibility conditions, which in this case is unrestricted availability for work. *Department of Industrial Relations* v. *Tomlinson,* 251 Ala. 144, 36 So. (2d) 496, 497; *Haynes* v. *Unemployment Compensation Comm.,* 353 Mo. 540, 183 S. W. (2d) 77, 80."

The phrase "available for work" requires the claimant to actively and unrestrictively endeavor to locate suitable employment in the market where he resides. *Dan River* v. *Unemployment Comm.,* 195 Va. 997, 1002, 81 S. E. 2d 620. See also *Dwyer* v. *Unemployment Comp. Comm.,* 321 Mich. 178, 32 N. W. 2d 434. Whether a claimant is available for work during a specific period is a question of fact to be determined by the Commission. *In re Dunn's Benefits,* 1 App. Div. 2d 722, 146 N. Y. S. 2d 872.

The record shows that at the hearing before the appeals examiner on January 10, 1961, the claimant testified that he had contacted B. H. Runyon Detective Agency, A. L. Dier, Pepsi-Cola Company, and the D. C. Transit Company seeking employment. He could not remember contacting any others. At the hearing before the Commission on February 2, the claimant testified that he did not apply to B. H. Runyon Detective Agency but said it was a contractor he made application to for work. He did not remember the name A. L. Dier, but testified that he had contacted the Pepsi-Cola Company twice. He stated that he had also sought employment with the D. C. Transit Company, Alexandria Lumber Company, a dairy, Coles Construction Company, and George Aubey, a builder. He said he had been to a number of other places seeking employment but could not remember the names of the establishments. He fixed the number of such calls at "six a week".

The Commission, who saw and heard the claimant testify, determined as a fact that the claimant, who had the burden of proof to show that he was "available for work", had contacted only seven employers in an effort to secure employment during the approximately eight weeks he claimed benefits. The Commission held that the claimant was not "available for work" during that period and

stated: "His search for work has not been such as to merit the conclusion that the claimant has been genuinely attached to the labor market."

Section 60-55, *supra,* provides in part: "In any judicial proceedings under this chapter the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of such court shall be confined to questions of law."

Thus, we see that courts may not disturb the Commission's findings of fact, if supported by the evidence, and no fraud is involved. Here, no fraud has been alleged or proven. We cannot say that the evidence was, as a matter of law, insufficient to support the Commission's findings of fact that the claimant was not "available for work" during the period in question. While reasonable men might differ as to such findings, that is not enough. We hold that there was sufficient evidence to support the decision of the Commission and that the trial court erred in holding otherwise.

For the reasons stated the decree appealed from is reversed and the decision of the Commission is reinstated.

*Reversed and final decree.*