# Richmond

## Virginia Employment Commission v. Evelyn R. Meredith.

June 14, 1965.

Record No. 5965.

Present, All the Justices.

*Harold V. Kelly*, Assistant Attorney General (*Robert Y. Button*, *Attorney General*, on brief), for the plaintiff in error.

*Kimber L. White*, for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal by the Virginia Employment Commission from a judgment of the court below reversing the Commission's holding that the claimant, Evelyn R. Meredith, was not "available for work" from August 14 through September 3, 1963, on the ground that the findings of the Commission as to the facts were not supported by the evidence.

The Commission contends its finding of fact that the petitioner was not "available for work" during the period in question, under the requirements of Code § 60-46(c)[1], as amended, was conclusive and binding on the court below by virtue of the provisions of Code § 60-55.

The evidence, which is without conflict, shows that during March 1963 claimant voluntarily left her employment with G-E-X Hampton Corporation, of Hampton, Virginia, to accept employment with the Noland Company. After working for Noland Company from March 25 through April 5, 1963, she was involved in an accident, which was not connected with her employment, and one of her legs was so badly burned that she was unable to return to work until June 18, 1963.

On June 19, 1963, claimant contacted by telephone the head of the department in which she had worked at Noland Company and advised her that she was now able to return to work, but she was told that the company could not hold her position open and that it had been filled. Two days later she visited the company's employment office to advise its representatives that she was able to return to work, but there was nothing available at that time.

Claimant did not reapply for a position as saleslady at G-E-X because her physical condition would not permit her to perform the duties required for employment there. However she made application for employment at the Newport News Shipbuilding and Drydock Corporation, the local telephone office, four different banking institutions, a dental office, and other places of business during the period of her unemployment, but was told either that she was not qualified by training and experience to perform the duties required, or that there were no jobs available at that time. She also

---

[1] § 60-46(c) reads in part as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that:

* * * * *

(c) He is able to work, and is available for work."

kept in constant contact with the local State employment office.

On August 2, 16 and 28, 1963, she again contacted Noland Company but was told that there was still no job available. She also checked on the status of her application at the shipyard on August 9, 16 and 26, 1963.

In the meantime, realizing that her difficulty in obtaining employment might be due to her lack of training, she inquired at the Hampton Roads Business College relative to the possibility of being admitted as a student for the term beginning in September. At the time she was not "enthused" about the idea of going to business school, and her financial condition was such that she could not attend without assistance even if she was accepted. However, acting on the advice of the admissions director of the college when she was interviewed on August 19, 1963, she filed an application for admission.

As a result of her visit to the Noland Company on August 28, 1963, she was notified on September 6, 1963, that a position was available for her. She then advised the company's representative that she had filed an application for admission to the business college and requested that she be allowed time to consider whether to take the job or to await the result of her application to the college. After her acceptance she decided to attend the school and entered on September 16, 1963.

Claimant's application for unemployment compensation was not filed until July 31, 1963, although she could have claimed benefits earlier under Code § 60-46, as amended, and it was approved by a "deputy" of the Commission on August 21, 1963, for compensation to begin on July 31, 1963. On an appeal by G-E-X from the deputy's ruling, an "examiner" held that although claimant was not disqualified from receiving compensation, under Code § 60-47 (a), as amended, because she had left G-E-X to accept employment with the Noland Company, she was not "available for work" under the requirements of Code § 60-46 (c), as amended, and her entire claim for compensation was disallowed.

On an appeal to the Commission from the examiner's decision, it allowed her claim for compensation from July 31 through August 13, 1963, but denied the claim for the period from August 14 through September 3, 1963, on the grounds that since she was "considering enrolling in school," and had confined her contacts during that period to two employers she had applied to earlier, she was not "available for work" during that time. It was from the

disallowance of compensation from August 14 through September 3, 1963, that petitioner appealed to the court below for a judicial review of the Commissioner's findings.

■ It is well settled that the burden is on a claimant to prove that he is "available for work" under the requirements of Code § 60-46(c) of the Unemployment Compensation Act before he is eligible to receive benefits, and whether a claimant is available for work during a specific period is a question of fact to be determined by the Commission. *Virginia Employment Commission* v. *Coleman,* 204 Va. 18, 22, 129 S. E. 2d 6, 9; *Unemployment Comp. Comm.* v. *Tomko,* 192 Va. 463, 468, 65 S. E. 2d 524, 527, 25 A. L. R. 2d 1071.

The phrase "available for work," as used in the statute, requires a claimant to actively and unrestrictively endeavor to obtain suitable employment in the market where he resides. Stated in another way, a claimant must actively seek employment and be willing to accept any suitable work which may be offered him, without attaching conditions not usual and customary in that occupation but which he may desire because of his particular needs or circumstances. *Unemployment Comp. Comm.* v. *Tomko, supra; Virginia Employment Commission* v. *Coleman, supra.*

Code § 60-55 provides in part:

"In any judicial proceedings under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of such court shall be confined to questions of law."

■ Here the evidence clearly shows that from June 19 through September 3, 1963, claimant actively and unrestrictively sought employment in the labor market where she resided, and her efforts brought about an offer of reemployment from the Noland Company on September 6, 1963. It is true that on August 19 she considered the possibility of entering business school and filed an application for admission to enter on September 16 because she had found, from her efforts to find a job, that employment available to her was limited due to her lack of training and experience. But even after she filed her application for admission to the business school she continued, without restrictions as to conditions of work, to seek employment at Noland Company and Newport News Shipbuilding and Drydock Corporation, both large corporations where employment opportunities seemed most favorable, and kept in constant contact with the local employment office.

It is not reasonable to conclude that claimant would have contacted the shipyard on August 26 and the Noland Company on August 28 if she was not endeavoring in good faith to obtain a job, and it is uncontradicted that she would have accepted employment if it had been offered to her at that time. It is true that when the offer of employment with Noland Company did come a few days later, on September 6, she told a representative of the company that she was then thinking of entering business school, but that cannot be considered as an indication that she was not "available for work" through the week ending September 3.

We hold, under the facts and circumstances here, that the Commission's finding of fact that claimant was not available for work from August 14 through September 3, 1963, is not supported by the evidence, and that she is entitled to compensation for the period specified.

For the reasons stated, the judgment of the court below is

*Affirmed.*