## CIRCUIT COURT OF THE CITY OF RICHMOND

Clayton T. Thorne

    v.

Virginia Employment Commission

August 29, 1972

Case No. (Law) A-2500

By JUDGE JOHN WINGO KNOWLES

With the arrival of the so-called "vacation period," an opportunity has been found to determine the issue in this proceeding for judicial review of the August 12, 1970, order of the Virginia Employment Commission. You will recall that the case is before the Court upon the petition of Mr. Thorne; upon the answer of the Commission; upon the Record of Proceedings duly certified to the Court; upon the Commission's "Objection to Evidence and Motion to Exclude," and upon the argument of counsel. Subsequent to the hearing of argument, very able briefs were submitted by counsel for the parties, which expositions of position have been most helpful to the Court.

The issue presented is whether the Commission was correct in its conclusion that Clayton T. Thorne is an employer within the purview of the Virginia Unemployment Compensation Act, and, as such, required to comply with the provisions of Article 1, Chapter 5, Title 60.1, of the Code of Virginia. The petitioner takes the position that the individuals who actually operate the taxicabs owned by him are independent contractors to whom he leases his cabs. The Commission found that these operators were in fact and law employees of Mr. Thorne and that the services performed by them constituted employment within the meaning of the Act.

At the outset counsel agreed that the Record of Proceedings was correct and, despite the lack of any certified or printed copies of the Ordinances which are designated as §§ 37-21, 37-64 and 37-78 of the Code of the City of Alexandria, the Court is of the opinion that the requirements of § 8-270 have been satisfied for the purposes of this case. The Commission found as a fact that § 37-21 of the Code of the City of Alexandria forbids cab owners from permitting a driver to operate one of their taxicabs without a proper license; Section 37-64, of that City Code requires each taxicab owner to submit a proposed color scheme and insignia for approval and that such owner can lose his "certificate to do business" if he allows the approved color scheme or insignia to be changed without authority, this being an unlawful act, and that § 37-78 of that Code fixes the fares which taxicab drivers must charge and makes it unlawful for an owner to permit a driver to operate one of his taxicabs "without a proper license."

In its consideration of the Record the Court is bound by the rule that the Commission's findings as to the facts, if supported by the evidence and in the absence of fraud, are conclusive, the jurisdiction of this Court being confined to questions of law. Code of Virginia, Section 60.1-71; *Employment Commission* v. *Coleman*, 204 Va. 18, 23 (1963). There has been no suggestion of fraud, therefore, inquiry is limited to determining whether the evidence supports the Commission's findings which are set out in the first two pages of its "Determination," which comprises the fifth section of the Record of Proceedings.

The Court finds that the evidence is quite sufficient to support the findings of fact of the Commission. There is no real conflict in the testimony of the witnesses except that Mr. Thorne characterizes his agreement with those who drive his cabs as a "lease" on a day to day basis and asserts that he has no right of control over the actions of the drivers, while the witnesses for the Commission disagree with the petitioner's contention that the 50% of the net daily income retained by the driver, after deduction from gross receipts of the cost of fuel for the vehicle in question, constitutes a rental payment.

It is clear that the petitioner bears the burden of showing that the services performed for remuneration

by the taxicab drivers who operate his taxicabs are exempt from being "deemed to be employment subject to this [60.1] title" by, in effect, establishing that, (1) the individual drivers have been and will continue to be free from control or direction over the performance of such services, both under their "contract of service" and in fact, and (2) that either the service performed is (a) outside of the usual course of the business for which such service is performed, or (b) is performed outside of all the places of business of the enterprise for which the service is performed, or (c) the individual drivers, in the performance of the service, are engaged in an independently established trade, occupation, profession or business. Code of Virginia, § 60.1-14(6)(a) and (b); *U.C.C.* v. *Harvey*, 179 Va. 202, 216 (1942). Whether Mr. Thorne has successfully carried his burden will be examined, he having to show both lack of control or direction over the drivers and that one of the three latter alternatives exists.

Basically, the owner, Mr. Thorne, provides a completely equipped taxicab with dispatching service, depreciation, repairs, maintenance, liability insurance, registration, business licenses and taxes paid for out of his one-half share of the balance taken in daily by each driver after the cost of gasoline is deducted from gross receipts for the period the taxicab is operated by the driver. The driver, who must be a qualified possessor of a chauffeur's license and a taxicab operator's identification card issued by the City of Alexandria, provides his services in operating the taxicab, collecting and turning in the receipts and filling out the manifest (19g) forms provided. The owner and the operator agree orally that these things shall be so provided and, there being no evidence of any provision to the contrary, that the arrangement is terminable at the will of either party without any specific notice and without either incurring any liability. No paid vacations are provided by the owner and the only fringe benefit available to a driver is the use of a taxicab for personal private transportation on occasion.

The Court finds that without question Mr. Thorne has the right of control over the drivers of his cabs. If they do not conform to his own rules, i.e., respond to calls from dispatcher; turn in one-half net proceeds and manifest daily; operate vehicle in a careful manner, etc., he forbids their use of his cabs. He, or his surrogate, gives each applicant initial authorization to operate

a Thorne-owned taxicab. Further, should an owner permit the operator of one of his taxicabs to charge any fare not within the fixed schedule or to operate one of his vehicles without a proper chauffeur's license or identification card. The City sets the dress requirements for drivers, but if a driver violated the rules the owner will call his attention to the violation and, should the driver persist, the owner would terminate such driver's operation of any of the owner's taxicabs.

The cases cited by the attorney for the Commission dictate the conclusion that under the factual situation found to exist, Mr. Thorne does have the right of control over the drivers of his taxicabs. Particularly apposite are the *U.C.C. v. Harvey*, 179 Va. 202, 215 (1942), and *Texas Co. v. Zigler*, 177 Va. 557 (1941), cases in Virginia and *Blue Bird Cab Co. v. Department of Employment Security*, 248 A.2d 331 (Ind.); *Gladstone Cab Co. v. Donnelly*, 197 N.E.2d 3, 7 (Ill.); and *Department of Employment Security v. Charlie's Barber Shop*, 187 A.2d 695 (Md.).

In view of the conclusion of law reached on the issue of right of control, it is not necessary to go in any depth into the question of whether Mr. Thorne has shown the services performed fall outside the usual course of business of the ownership and operation of a taxicab or fleet of taxicabs. Obviously, the situation here does not fall into the Hertz, Avis, Noble vehicle rental patterns so prevalent today. Further, the services of operating the taxicabs, collecting the fares, etc., are performed primarily within the Alexandria area within which Mr. Thorne has obtained registration and licenses and pays business license taxes.

Finally, it is almost a concessum that unless the right of control or direction does not exist, the drivers who operate Mr. Thorne's taxicabs are not simply working for themselves or for Diamond Cab Company. The drivers have no business licenses, pay no taxes on gross receipts, have no business addresses, no independent responsibility for the equipment operated. In fact, none of the customary indicia of the independent business or businessman appear at all.

The motion of the Commission to exclude as evidence the letter of December 28, 1970, and the reference to the Commissioner of Revenue in the brief of Mr. Thorne is well taken, but unnecessary. The Court cannot and does not take cognizance of testimony or other evidence

not found in the Record of Proceedings before the Commission unless such evidence is admitted by stipulation or other agreement between counsel and the Court.

Counsel are requested to prepare, endorse and present for entry a sketch for an order affirming the decisions of the Commission.