## CIRCUIT COURT OF THE CITY OF RICHMOND

Alexandria Yellow Cab, Inc.

v.

Virginia Employment Commission

October 3, 1977

Case No. 9880

### By JUDGE WILLARD I. WALKER

This case comes before the court pursuant to Virginia Code § 60.1-71 to review a decision adverse to the petitioner made by the Virginia Employment Commission in its decision dated August 30, 1976.

The decision of the Virginia Employment Commission was in part as follows:

> the services of the taxicab drivers of Alexandria Yellow Cab, Incorporated, do not come within the exemptions of § 60.1-14(6) and, therefore, it is ORDERED and ADJUDGED that the services performed by the taxicab drivers as set forth herein constitute employment within the meaning of the Act. Alexandria Yellow Cab, Incorporated, is held to be an employer for the purposes of the Virginia Unemployment Compensation Act.

In this letter the Virginia Employment Commission will be referred to as Commission and the petitioner, Alexandria Yellow Cab, Incorporated, as Cab Company.

The court is unable to determine any substantial disputes on the findings of fact by the Commission; but in any event, such a dispute would be of no moment. The findings of fact by the Commission are supported by the evidence. There is no fraud involved with respect to

said facts. Accordingly, this court's jurisdiction is confined to questions of law.

Virginia Code § 60.1-71; *Jones v. Dan River Mills, Inc.,* 197 Va. 816, 91 S.E.2d 642; *Employment Commission v. Coleman,* 204 Va. 18 (1963).

The sole question of law before the court is whether or not those individuals performing the service of operating Cab Company's fleet of taxicabs in Alexandria fall within the exemption stated in Virginia Code Section 60.1-14(6)(a) and (b).

This court is of the opinion that those persons performing the services of Cab Company, as outlined in the transcript of the proceedings before the Commission, do not fall within the exemptions of Virginia Code Section 60.1-14(6). They are, therefore, deemed to be employed by Cab Company and are subject to the Virginia Unemployment Compensation Act.

It is apparent to the court that Cab Company and its employees have attempted to devise a system (by virtue of a lease) that would minimize and hopefully eliminate the elements that would otherwise subject the individual cab operators and the Cab Company to the terms of the Unemployment Compensation Act. Even though Cab Company has succeeded in minimizing the degree of control or right to control of the cab operators, it is apparent to the court that the cab operators are not free from control or direction in performance of their services under the contract of service, or in fact. It is equally apparent to the court that the provisions of subsection (b) of Virginia Code § 60.1-14(6) do not provide an exemption for said employees.

Counsel for Cab Company urges upon the court that the right to control test as announced in several decisions is no longer applicable law in these cases. Counsel urges upon the court that this court adopt the position best represented by the holding in the case of *Foster v. Michigan Employment Security Commission,* 166 N.W.2d 316 (1968). In the Michigan proceeding, involving an unemployment compensation act substantially similar to the act in Virginia, the Michigan court determined there must be evidence showing actual control as opposed to circumstances giving a right to control. The court rejects this principle as applicable law in Virginia and relies primarily upon *U. C. C. v. Harvey,* 179 Va. 202, 18 S.E.2d 390. It is this court's opinion that it was the intent of the legisla-

ture of Virginia to make the Unemployment Compensation Act broader than common law principles. Said Act is to be liberally construed so as to bring within its provisions employees who would have been excluded at common law. So that the beneficial purposes of the Act can be achieved, it is the obligation of the court to bring within the terms of the Act those cases that involve borderline fact situations involving employment. See, *U. C. C.* v. *Collins*, 182 Va. 426, 29 S.E.2d 388.

The court recognizes that the facts of this case must be viewed on their own merit and that this case cannot be compared as being identical to any other decided case known to the court. The court further recognizes that the Cab Company has diligently sought to minimize its control by charging a flat fee of rental for the cabs (as opposed to allowing the cab operator to retain a portion of the profit taken) and by greatly minimizing any regulations or directions as to when the cab operator would be required to operate the cab or under what circumstances he would so operate. Nonetheless, the element of control is still present in this lease arrangement. The short term lease itself is indicative of control. The cab operators are restricted in terms of mileage they may operate, and also with respect to personal use of the vehicle. While some of the requirements as to dress code of the cab operators seem to be required by ordinances of the City of Alexandria, the cab operators are quite obviously on these facts accountable to some degree to Cab Company for the manner in which they dress and operate their cabs. The court would refer counsel to a decision of the Circuit Court of the City of Richmond, Case No. A-2500, styled *Clayton T. Thorne* v. *Virginia Unemployment Commission*.[1] The reasonings and rationale of The Honorable John Wingo Knowles, expressed in his opinion letter in the *Thorne* case dated August 29, 1972, express the view of this court, although upon slightly different underlying facts.

Counsel for the Commission is requested to prepare and present for entry sketch of an order affirming the decisions of the Commission and dismissing the appeal of petitioner.

[1] This case is printed above at page 441.