## CIRCUIT COURT OF THE CITY OF WINCHESTER

Mullinex

    v.

Winchester Memorial Hospital and
Virginia Employment Commission

August 8, 1984

Case No. 82-CH-147

By JUDGE ROBERT K. WOLTZ

This case involves a petition under Section 60.1-67.1 by an employee for judicial review of a decision adverse to her rendered by the Virginia Employment Commission. The decision by the Commission was by a special examiner under the provisions of Section 60.1-64, after appeals from decision of a deputy under Section 60.1-61 and the decision of an appeals examiner under Sections 60.1-62 and 60.1-63.

The issue involves whether the petitioner is disqualified from payment of unemployment compensation benefits by the terms of Section 60.1-58(b), which provides for such disqualification if the individual "is unemployed because he has been discharged for misconduct connected with his work."

As a preliminary the employer alleged an error in the transcript of testimonial evidence by the employer's representative at the hearing before the appeals examiner. The transcript read, "Well, there were never problems with Ms. Mullinex's performance." This statement is wholly inconsistent with the tenor of the remaining testimony by the employer representative. By order of

the Court the Commission certified up the cassette tape on which the testimony was recorded. The Court has personally listened to the tape with regard to the disputed portion of the transcript and finds that the correct testimony was, "Well, there were a number of problems with Ms. Mullinex's performance."

The jurisdiction of the Court in such cases as these is limited by statute. By Section 60.1-67.1 in its review of determinations by the Commission "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of such court shall be confined to questions of law." Therefore, generally the Court in short is limited to determining whether there is evidence to support the Commission's decision or whether fraud is involved in it (none is alleged here, on which subject *see* the 1983 case of *Jones* v. *Willard*, 224 Va. 602); and additionally whether in reaching its decision the Commission has misapprehended the law or misapplied principles of law to the facts. *Virginia Employment Commission* v. *City of Virginia Beach*, 222 Va. 728 (1981), and *Virginia Employment Commission* v. *Coleman*, 204 Va. 18 (1963).

The statutory phrase "misconduct connected with his work" has been construed in *Branch* v. *Virginia Employment Commission*, 219 Va. 609 (1978), as follows:

> In our view, an employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer. (Emphasis in original.)

There was credible testimony to show that the petitioner, a nurse's assistant at a hospital, was rude to patients and callous of their needs and feelings; that her rate of absence from work was high; that though she excused her absences on the grounds of illness there were no medical excuses for two-thirds of them, and suspiciously most of them occurred on the days before and after her regular days off.

On reviewing the records there is sufficient evidence to support the Commission's finding, most particularly as the claimant for unemployment benefits bears the burden of proving entitlement to them, *Virginia Employment Commission* v. *Coleman, supra.* In addition, the Court finds no misinterpretation of the pertinent principles of law nor misapplication of them to the facts. It follows that the determination of the Commission must be affirmed.