## Richmond

### BEATRICE G. DOWNS

v.

### VIRGINIA EMPLOYMENT COMMISSION, et al.

No. 0309-86

Decided July 21, 1987

## Counsel

Anne B. Holton (Central Virginia Legal Aid Society, Inc., on briefs), for appellant.

Susan T. Ferguson, Assistant Attorney General; Mark S. Smith (Mary Sue Terry, Attorney General of Virginia; Owen B. Pickett; Pickett, Lyle, Siegal, Drescher & Croshaw, on briefs), for appellees.

## Opinion

**BENTON, J.**—Beatrice G. Downs appeals from a decision of the Circuit Court of the City of Richmond dismissing her petition for judicial review of a decision of the Virginia Employment Commission ("the Commission"). The circuit court dismissed the petition on the ground that it was not filed in the circuit court of the county where Downs was last employed. We reverse the decision of the circuit court because we conclude that Code § 60.1-67.1 merely sets forth proper venue for such petitions and that dismissal was an inappropriate remedy for failure to file in the proper forum.

Downs was discharged from her position as a nursing assistant at Elizabeth Adams Crump Manor, located in Henrico County, allegedly due to excessive tardiness and inadequate patient care. She filed a claim for unemployment compensation benefits in the Richmond office of the Commission. Following an informal proceeding, a claims deputy determined that Downs was discharged for misconduct, as alleged by her employer, and was barred from receiving benefits by operation of Code § 60.1-58. The decision of the deputy was affirmed by an Appeals Examiner. The Commission then issued and mailed to Downs its opinion affirming her disqualification for benefits.

Downs filed a petition for judicial review in the Circuit Court of the City of Richmond within the statutory time period. In response, the employer and the Commission filed pleadings requesting dismissal because the petition was not filed in Henrico County where Downs was last employed. Downs filed a motion to transfer venue to Henrico County. The circuit court denied her motion to transfer and granted the motions to dismiss on the ground that the provisions of Code § 60.1-67.1 are jurisdictional and that the failure to file the action in the proper forum deprived the Circuit Court of the City of Richmond of jurisdiction. It is from this decision that Downs appeals.

■ Code § 60.1-67.1 provides that any party aggrieved by a decision of the Commission "may secure judicial review thereof by commencing an action in the circuit court of the county or of the city . . . in which the individual who filed the claim was last employed." In construing virtually identical language in former Code § 60-55, the predecessor of the current Code § 60.1-67.1, the Supreme Court stated that "[t]he statute confers jurisdiction of the subject matter on courts of record."[1] *Virginia Employment Commission v. Coleman*, 204 Va. 18, 21, 129 S.E.2d 6, 8 (1963). The court further stated that "proper *venue* would have been in the court of record where [the claimant] was last employed in this state." *Id.* (emphasis added). We read *Coleman* to hold that by operation of statute the circuit courts have the power to review Commission decisions and, further, that the mandate to commence the action in the circuit court of the city or county where the claimant was last employed pertains to venue and not jurisdiction.

■ Both the Commission and the employer contend that the holding in *Coleman* is not dispositive of the issue presented in this appeal. We disagree and find *Coleman* controlling for three reasons. First, the Supreme Court in *Coleman* directly confronted the jurisdictional issue when it denied a motion to dismiss in which it was asserted that the circuit court "lacked jurisdiction to take cognizance of the petition for judicial review" because the action was not filed in the circuit court of the city in which the action

---

[1] Former Code § 60-55 provided, in pertinent part: "any party aggrieved [by a decision of the Commission] may secure judicial review thereof by commencing an action in the circuit court of the county or in the corporation or hustings court of the city . . . in which the individual who filed the claim was last employed.

was commenced. *Id.* at 20, 129 S.E.2d at 8. Second, attempts to distinguish *Coleman* from the case at bar based upon factual dissimilarities are unpersuasive. The Supreme Court's holding that "[t]he statute confers jurisdiction of the subject matter on courts of record" is not contingent upon the facts of the case. Finally, the fact that *Coleman* involved the construction of former Code § 60-55 does not detract from the applicability of the ruling to this case. The operative provisions of that statute are virtually identical to Code § 60.1-67.1. Thus, based on *Coleman* we conclude that the place where the action must be filed in accordance with Code § 60.1-67.1 relates to venue and not to jurisdiction of the circuit courts.

 Having concluded that the filing requirement of Code § 60.1-67.1 relates to venue and not jurisdiction, we must now determine whether the circuit court erred in dismissing the action. In assessing the circuit court's ruling we look to the comprehensive venue statutes enacted by the General Assembly in 1977. Title 8.01 of the Code contains an unequivocal legislative expression with respect to the disposition of venue questions in "actions at law, suits in equity, and statutory proceedings, whether in circuit courts or district courts." Code § 8.01-257. In particular, Code § 8.01-264 states that "no action shall be dismissed solely on the basis of venue if there be a forum in the Commonwealth where venue is proper." This clear legislative mandate requires us to conclude that the circuit court erred in dismissing this action.

We note that effective January 1, 1987, Title 60.1 was repealed and the Unemployment Compensation Act was revised and reenacted as Title 60.2. The judicial review provision of the revised Act states that "any party aggrieved may secure judicial review [of the decision of the Commission] by commencing an action in the circuit court." Code § 60.2-625. Thus, without reference to *Coleman*, the appropriate circuit court for proceedings to review decisions of the Commission is now a venue question that must be determined in accordance with the general venue statutes of Title 8.01. Accordingly, we also note that the General Assembly amended the comprehensive venue statutes effective July 1, 1987, to specifically designate a "preferred venue" forum for Commission decisions. Code § 8.01-261(16).

For the foregoing reasons we reverse the decision of the circuit court dismissing the petition for judicial review, and we remand

the case for consideration of appropriate venue in accordance with the venue statutes, Code § 8.01-257 *et seq.*, now in effect.

*Reversed and remanded.*

Baker, J., and Keenan, J., concurred.