## CIRCUIT COURT OF SMYTH COUNTY

Patsy L. Snyder

v.

Virginia Employment Commission and
Snyder Saw and Tool Co., Inc.

March 4, 1988

Case No. (Law) 1740

By JUDGE CHARLES H. SMITH, JR.

This matter is before this court upon a petition for judicial review of decision number 28941-C of the Virginia Employment Commission. The jurisdiction of the court is based upon Section 60.2-625 of the Code. The court has reviewed the pleadings, exhibits, memoranda of counsel and authorities cited therein, the transcript, and considered same along with argument of counsel presented on February 11, 1988. In consideration of all of which the court finds as follows.

The claimant herein was employed by Snyder Saw and Tool Company, Inc., from about August 12, 1985, until she terminated her employment on May 11, 1987. She was employed as a general office worker and bookkeeper, but she also did some work in the shop. Her employment began as part time but became full time in May of 1986 when she married the owner, Mr. Glenn Snyder. Due to domestic problems, the claimant left the marital abode on the evening of May 8, 1987. She did, however, report for work as usual on Monday, May 11, 1987. She inquired of her husband if she still had her job, and he answered in the affirmative. During the course of the day, Mr. Snyder apparently approached the claimant several times pleading for a reconciliation of their marriage, which

suggestions were apparently rebuked by the claimant. The evidence is that at one point he even grabbed and kissed the claimant and, later in the day, bought flowers for her. These overtures, in the existing mood and frame of mind of the claimant, being then estranged from her husband/employer, were deemed harassment by the claimant and caused her to walk off the job at 3:00 p.m. that day never to return.

The claimant contends that the repeated acts of harassment and intimidation by Mr. Snyder left her with no alternative but to walk off the job and constitutes good cause for voluntarily leaving her employment and, thus, should not disqualify her for benefits. The respondent contends that this did not constitute good cause for leaving her employment and that claimant is, thus, disqualified for benefits under the act.

*Issue: Did the Claimant Have Good Cause for Leaving Her Employment?*

Section 60.2-618 of the Code provides that a claimant is disqualified for benefits if he leaves work voluntarily without good cause. The Commission has held that in order to establish good cause, the burden rests on the claimant to prove circumstances which compel resignation without other reasonable alternative. While "good cause" has never been defined by the Supreme Court, in the case of *Lee v. Virginia Employment Commission, et al.*, 1 Va. App. 82 (1985), the Court of Appeals stated:

> The VEC, however, has had ample opportunities to interpret "good cause." In the present case, the appeals examiner set out the VEC standard as follows:
>
> The Commission has adopted and held firmly to the premise that an employee, who for some reason, becomes dissatisfied with his work, must first pursue every available avenue open to him whereby he might alleviate or correct the condition of which he complains before relinquishing his employment. Stated in other terms, the claimant must have made every effort to eliminate or adjust with his employer the

differences or conditions of which he complains. He must take those steps that could be reasonably expected of a person desirous of retaining his employment before hazarding the risks of unemployment.

The Court of Appeals went on to explain the applicable rule of statutory construction that "uniform construction of a statute by an administrative agency over many years, acquiesced in by the General Assembly, must be given great weight by the courts."

The standard of review in these cases is well established. Section 60.2-625 of the Code provides that the Commission's findings of fact, if supported by the evidence and in the absence of fraud, are conclusive, and the jurisdiction of the court is confined to questions of law. Their findings are, in fact, entitled to the weight given to that of a jury or any other fact-finding body. In the case of *Employment Commission v. Coleman*, 204 Va. 18 (1963), a case in which the trial court had differed with the Commission as to their findings of fact, the Supreme Court stated:

> Thus, we see that courts may not disturb the Commission's findings of fact, if supported by the evidence, and no fraud is involved. Here, no fraud has been alleged or proven. We cannot say that the evidence was, as a matter of law, insufficient to support the Commission's findings of fact that the claimant was not available for work during the period in question. While reasonable men might differ as to such findings, that is not enough. We hold that there was sufficient evidence to support the decision of the Commission and that the trial court erred in holding otherwise.

The court, obviously, cannot substitute its judgment as to the facts for that of the independent fact finder who was present when the testimony was given and was able to see and hear the witnesses and observe their demeanor and manner of testifying.

The court is of the opinion that the Commission's findings of fact in this case are supported by the evidence. In applying the foregoing rules to the facts and circumstances of this case, the court cannot find that the Commission has erred as a matter of law.

The court is of the opinion that considering the VEC interpretation of "good cause" as acquiesced in by the General Assembly and adopted by the Court of Appeals, the claimant herein did not have good cause for voluntarily terminating her employment. As stated above, the claimant was required to pursue other alternatives in order to alleviate or correct the existing problem. In the present case, claimant not only failed to pursue "every available avenue" but apparently failed to pursue any. She did not take those steps that might reasonably have been expected from a person desirous of retaining her employment before opting for unemployment. The claimant contends she had no alternative under the circumstances. On the contrary, she had numerous options to explore before quitting. Claimant could have taken vacation, sick leave, or absence without pay. She could have suggested counseling with an employment counselor or might have sought injunctive relief in the domestic proceedings. Having failed to pursue even one of these alternatives, claimant has voluntarily subjected herself to the risks of unemployment without any effort to alleviate or correct the conditions she complained of.

Conditions of work are seldom ideal in every respect. A person in today's marketplace must, of necessity, possess a degree of resiliency and must, to some extent, be impervious to the criticism, insults, harassment, ill-temper, and moodiness of bosses and co-workers. It is inevitable that where, as here, the relationship of employer-employee is also that of husband-wife, you will necessarily have some spill-over from the home to work and vice versa. This is especially so in a small, family-run business such as the one here where daily contact is inevitable. However, disruption of the domestic relationship should not necessarily spell termination of the employment relationship. The rights and remedies available to each party in each relationship are different substantively and procedurally. Obviously, claimant could not assert termination of employment as a ground for divorce against her husband/employer. Neith-

er can she assert domestic problems as constituting good cause for voluntarily terminating her employment.

The court affirms the decision of the Commission.