## Wytheville.

WHITE AND OTHERS V. VALLEY BUILDING AND INVESTMENT CO.
AND OTHERS.

·JULY 7, 1898.

Absent, Cardwell, J.

1. APPEALS—*Amount in Controversy.*—Where several parties unite in an appeal, and it appears that there is no joint interest or community of interest among them; that their respective claims each had for its foundation an independent contract which each had the right to enforce without regard to the other, and the interest of no one of them amounts to as much as $500, the appeal will be dismissed as improvidently awarded.

Appeal from a decree of the Hustings Court of the city of Roanoke pronounced May 20, 1896, in a suit in chancery wherein appellee was the complainant, and the Powell Real Estate Investment Company and another were the defendants, in which suit appellants filed their petition.

*Appeal dismissed.*

The opinion states the case.

*R. R. Hicks* and *Hardaway & Payne,* for the appellants.

*Scott & Staples* and *John M. Hart,* for the appellees.

HARRISON, J., delivered the opinion of the court.

We are met at the threshold of this case by a question of jurisdiction.

It appears that the Powell Real Estate Investment Company is the owner of a parcel of land in the city of Roanoke upon which rested two liens, the first being for about $1,000 in favor

of Stewart & Palmer.  The property being advertised for sale to satisfy this lien, a number of the stockholders of the debtor company, who are the appellants here, came forward and advanced to the company $100 each with which to pay off the debt.  By this means the Stewart & Palmer lien was paid, and subsequently released of record.  Afterwards the holder of the remaining unpaid lien filed a bill to ascertain the amount thereof, and to sell the property for its satisfaction.  In this suit appellants filed a petition alleging that as stockholders of the Powell Real Estate Investment Company they had, in order to protect their interests, agreed that each should pay ten *per cent.* over and above his subscription for the purpose of discharging the balance due on the Stewart & Palmer debt, and that having paid the several sums agreed upon, they are entitled to be subrogated to the lien held by Stewart & Palmer, and to have the same enforced to the extent of the several amounts advanced by them.

The court below having held adversely to this pretension, appellants are here to have its decree reviewed.

It clearly appears from the record that each of the appellants made a separate and distinct loan on his own account to the company; that there was no joint interest or community of interest among them; that their respective claims each had for its foundation an independent contract which each had the right to enforce without regard to the other.  Appellants have filed their petition in the court below as co-petitioners.  This, however, was merely a measure of convenience, and in no way affected or changed the distinct character of their several demands, which remained as independent of each other as if they were enforcing their respective rights in different and independent proceedings.

Under these circumstances, the claim of each appellant being for a sum less than $500, this court is without jurisdiction in the premises.  *Umbarger* v. *Watts*, 25 Gratt. 167.

For these reasons the appeal must be dismissed as improvidently awarded.                          *Appeal dismissed.*