8806. HILL *v.* CHATTANOOGA RAILWAY & LIGHT CO.

</div>

1. The court charged as follows: "Now, if the defendant, by the failure to exercise this degree of care [extraordinary care], injured the plaintiff, and he was a passenger, he could recover, provided he could not by the exercise of ordinary care have avoided the injury; in which event he could not recover, although the defendant may have been negligent, and provided that if the plaintiff was negligent his negligence did not materially contribute to the injury."

(*a*) Although the duty of the plaintiff, under the law, to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until such negligence is apparent, or in the exercise of ordinary care would be apparent, the failure of the court so to qualify the charge quoted above is not, in this case, harmful error. By the plaintiff's own testimony the negligence of defendant's conductor in ringing the car forward while plaintiff was boarding it was known to the plaintiff at the time, and it was for the jury to say whether he exercised ordinary care to prevent injury to himself after such negligent act of the defendant's agent.

(*b*) The charge was not error in that it instructed the jury that contributory negligence on the part of plaintiff would bar his right of recovery. The injury occurred in Tennessee, and, no law of that State having been pleaded and proved, the common law is presumed to be of force in that State; and, under the common law, contributory negligence is a bar to the plaintiff's recovery. *Southern Railway Co.* v. *Cunningham,* 123 *Ga.* 90 (50 S. E. 979).

(*c*) The charge was not error for any of the other reasons assigned.

2. When a tort occurs in another State, and suit is brought on account of it in the courts of this State, the lex loci delicti governs as to all substantive matters, the lex fori as to all matters affecting only the remedy, such as rules of evidence, methods of shifting the burden of proof, and the presumptions arising from given states of facts. *Southern Ry. Co.* v. *Robertson,* 7 *Ga. App.* 154 (2) (66 S. E. 535). The alleged tort in the instant case having been committed in Tennessee, and the suit brought thereon in this State, the court did not err in charging the jury that, upon proof of injury by the running of cars of the defendant company, the presumption arose that the allegations of negligence in the plaintiff's petition were well founded. The expression last quoted

charges substantially that the presumption is that the defendant company was negligent in the manner set out in each of the allegations of negligence in the petition.

3. The plaintiff's case, both in his petition and by his proof, proceeded on the theory that, while boarding one of defendant's cars at its customary stopping place, he was injured by the negligent and sudden starting of the car. The defendant's contention was that the plaintiff was injured by slipping and falling when running to board the car, while it was in motion,. between two of its customary stopping places. The court charged: "If the plaintiff was not a passenger according to the rules which I have laid down, then the company would be liable in this case only for gross negligence and in the event it injured the plaintiff willfully or recklessly." This charge was not authorized, under the pleadings in the case, inasmuch as the plaintiff could not recover unless injured as alleged in the petition. However, since this charge allowed the plaintiff a right of recovery to which, under his petition, he was not entitled, he will not be heard to complain.

4. The charge complained of in ground 6 of the motion for a new trial, in which the jury were instructed as to defendant's liability should they find the plaintiff to have been injured while not a passenger, was, for the reason above stated, more favorable to the plaintiff than he was entitled to.

5. The court did not err in charging that if the alleged injury was an accident, the plaintiff could not recover. This charge was authorized by the evidence in the case.

6. The charge of the court that the burden was upon the plaintiff to establish his contentions by a preponderance of the evidence was not erroneous for the alleged reason that "it excludes from the jury a presumption of negligence that the law raises upon the proof of injury." The court elsewhere charged upon the presumption of negligence.

7. The charge of the court complained of in ground 9 of the motion for a new trial is that "if the evidence preponderates but slightly in his favor, that would be sufficient, but it must preponderate in favor of the plaintiff to authorize him to recover." It would be better for the court, in charging the jury on the subject of preponderance of evidence, to adhere to the rule as stated in section 5731 of the Civil Code (1910), but the rule as given by the court in the instant case, while it was not in the language of the code, and for that reason might be considered inaccurate, was not such harmful error as would authorize the grant of a new trial.

8. The court did not err in overruling the ground of the motion for new trial complaining that W. L. Bryant, foreman of the jury trying the case, was an incompetent juror because he had two sons-in-law working for the defendant company at the time of the trial, which fact was unknown to the plaintiff or his attorneys. Relationship to an employee of a corporation does not in this State render a juror incompetent, as. a matter of law, to serve on the trial of a case in which the corporation is a party.

9. The case was fairly tried, the evidence amply supported a verdict in favor of the defendant, and the judgment of the court in refusing a new trial will not be disturbed.

DECIDED OCTOBER 31, 1917.

Action for damages; from Catoosa superior court—Judge Tarver. March 31, 1917.

Hill brought suit by attachment against the Chattanooga Railway & Light Company, a foreign corporation, claiming damages for personal injuries alleged to have been inflicted by defendant's agents in the negligent operation of its street-car. The petition alleged that on July 17, 1914, plaintiff undertook to board one of defendant's cars in Rossville at a point where the car turned into Rossville Boulevard, and just as he was attempting to board the car as a passenger of the defendant, as was usual and customary for passengers to do at said point, the employees of the defendant in charge of the car caused it to start suddenly and with a jerk, throwing him to the ground and inflicting on him described injuries. It was alleged that the defendant's agents in charge of the car were negligent in stopping it upon a curve, where the car, when started, would start with a swing and would tend to throw passengers to the ground, and in failing to keep a lookout and to wait until the plaintiff could get safely aboard, and also in starting the car before he had safely gotten upon it, and in starting the car with a sudden jerk, so as to throw him to the ground, and in not giving him warning of the starting of the car and of the intention to start it. The defendant in its answer denied the material allegations of the petition, and the case went to trial before a jury.

Upon the trial the plaintiff gave testimony in his own behalf in support of the allegations of his petition. He swore that defendant's car had stopped at its customary stopping place, just before turning into Rossville Boulevard; that the car was stopped on a sharp bend; that just as he put his right foot on the step to board the car, his right hand grasping the right support and his left hand carrying his sample case, the conductor rang the signal for the car to start; the car started with a jerk, and plaintiff's foot was caught between the step of the car and the curbstone, the plaintiff all the while holding on to the right support. He further testified that "the conductor or anybody in control of the car did nothing to stop the car." The conductor in charge of the car testified that on the occasion in question his car stopped at its

customary place; that no passengers got on or off the car; that the car started off and had gone about a car's length when he saw the plaintiff running towards the car, trying to catch it, with his sample case in his left hand; that just as the plaintiff approached within four feet of the car his foot slipped on a round rock, causing him to fall and his right leg to slide under the step of the car and receive the injuries claimed. His testimony further showed that the injury occurred beyond the State line and in the State of Tennessee. The testimony of the motorman on this car and of several disinterested bystanders was in all material respects the same as that of the conductor. Both sides closed, and the jury, after being charged by the court, returned a verdict in favor of the defendant railway company. The plaintiff excepted to the refusal of a new trial.

*W. E. Mann, W. C. Martin, J. M. Rudolph,* for plaintiff.

*W. H. Payne, Maddox, McCamy & Shumate,* for defendant.

HARWELL, J. (After stating the foregoing facts.) The several assignments of error on the charge of the court have been sufficiently disposed of in the headnotes of this opinion. The only headnote which needs elaboration is the 9th. In ground 10 of the motion for a new trial it is insisted that a new trial should be granted because two of the jurors who tried the case were related to employees of the defendant company. Affidavits of the plaintiff and his counsel were offered in support of this ground, and it was shown, with reference to one of these jurors, that the relationship was unknown to them at the time of the trial. The affidavits do not show that the plaintiff and his counsel did not know of the relationship of the juror Victor Williams, and for this reason the fact of disqualification of this juror need not be considered. With reference to the other juror, Bryant, the motion shows that he had two sons-in-law who were employees of the defendant company. The courts of this State have held that an employee of one of the parties is disqualified as a juror. See *Temples* v. *Central Ry. Co.*, 15 *Ga. App.* 115 (82 S. E. 777), and discussion of this question by Judge Russell; see also *Central R. Co.* v. *Mitchell,* 63 *Ga.* 173. At common law the rule was that one is not a competent juror in a case if he is master, servant, steward, counsellor or attorney of either party. In such case a juror may be challenged for principal cause as an absolute disqualification of

the juror. 3 Bl. (Cooley's 4th ed.) 363; Crawford v. U. S., 212 U. S. 183 (29 Sup. Ct. 260, 53 L. ed. 465, 15 Ann. Cas. 392). The courts of many States have not gone as far in the disqualification of jurors as this court went in the *Temples* case, supra. In Dimmack v. Wheeling Traction Co., 58 W. Va. 226 (52 S. E. 101), it was held .that the mere fact that a juror is an employee of a stockholder of a corporation does not render him incompetent to serve in an action in which the corporation is a party. See 40 L. R. A. (N. S.) 982, note, for discussion of this question. In Stewart's adm'x. v. L. & N. R. Co., 136 Ky. 717 (125 S. W. 154), it was held: "The fact that a juror, in an action against a railroad for the negligent death of an employee, was a relative by marriage to one of the attorneys for the railroad, and that another juror had a brother in the service of the railroad, and that another juror had two nephews in its service, did not warrant the setting aside of the verdict." See 24 Cyc. 274. It seems to us, therefore, that it would be going too far to hold that one related to an employee of a party to the cause. would be disqualified as a juror. It is our opinion that the juror was competent, and that the court did not err in overruling this ground of the motion for a new trial. Compare *Campbell* v. *State*, 144 *Ga.* 224 (87 S. E. 277).

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*