## Richmond.

BEE HIVE MINING COMPANY AND AMERICAN CASUALTY COMPANY v. DR. S. M. FORD.

January 14, 1926.

1. WORKMEN'S COMPENSATION ACT—*Appeal and Error—Amount in Controversy.*—In the instant case defendants appealed from an award to plaintiff by the Industrial Commission of $500.00 subject to a credit of $275.00. The claim asserted by plaintiff grew out of medical attention to the injured employee and, prior to the assertion of the claim before the Industrial Commission, plaintiff had received $275.00. This was admitted and therefore the amount in controversy on appeal was the actual amount awarded or $225.

   *Held:* That, under section 88 of the Constitution of 1902, section 6337 of the Code of 1919 and section 1887 (61) of the Code of 1924, the appeal was improvidently awarded, as the matter in controversy was less than $300.00.

2. APPEAL AND ERROR—*Amount in Controversy.*—The matter in controversy in reference to the appellate jurisdiction of the Court of Appeals is that which is the essence and substance of the judgment and by which the party may discharge himself.

3. APPEAL AND ERROR—*Amount in Controversy—Credit.*—Where a decree fixes upon a defendant a personal liability for whatever balance of a debt remains unpaid after crediting thereon a certain amount, no right of appeal exists until the extent of his pecuniary liability has been fixed.

Appeal from an award from the Industrial Commission of Virginia.

*Appeal dismissed.*

The opinion states the case.

*S. L. Sinnott,* for the appellants.

*Finney & Griffith,* for the appellee.

CHICHESTER, J., delivered the opinion of the court.

[1] This is an appeal from the Industrial Commission of Virginia by Bee Hive Mining Company and the Maryland Casualty Company, from an award of $500, subject to a credit of $275, made by the Commission in favor of Dr. S. M. Ford against the Bee Hive Mining Company, employer of the injured employee whom Dr. Ford treated, and the Maryland Casualty Company, insurance carrier.

The claim asserted by Dr. Ford grew out of medical attention to the injured employee. Prior to the assertion of the claim before the Industrial Commission, Dr. Ford had received $275. This is admitted, and therefore the amount in controversy here is the actual amount awarded, or $225.

There are a number of assignments of error urged in the petition for appeal, but at the threshold of the controversy here we are met by the proposition that the order making the award is for the payment to appellee of $225 only, and that this is the sole matter in controversy.

Appeals do not lie as a matter of right, irrespective of the amount in controversy, from awards of the Industrial Commission.

In section 1887 (61) of the Code of Virginia, workmen's compensation act:

"Appeals shall be from such award to the Supreme Court of Appeals in the manner as now provided by law for appeals in equity cases from circuit and corporation courts."

Section 88, Constitution of Virginia:

"The court shall not have jurisdiction in civil cases where the matter in controversy, exclusive of costs and of interest accrued since the judgment in the court below is less in value or amount than three hundred dollars, except in controversies concerning the title to,

or boundaries of, land; the condemnation of property; the probate of a will, the appointment or qualification of a personal representative, guardian, committee, or curator, or concerning a mill, roadway, ferry or landing, or the right of the State, county or municipal corporation to levy tolls or taxes, or involving the construction of any statute, ordinance, or county proceeding imposing taxes."

Section 6337, Code of Virginia:

"No petition shall be presented for an appeal from a judgment, decree, or order of any court when the controversy is for a matter less in value or amount than three hundred dollars, exclusive of costs, unless there be drawn in question a freehold or franchise, or the title or bounds of land, or the action of the State Corporation Commission, or some matter not merely pecuniary."

In this case the matter in controversy is the amount with which the judgment may be discharged.

[2] In *Umberger, &c.* v. *Watts,* 25 Gratt. (66 Va.) 167, it is said: "The matter in controversy in reference to the appellate jurisdiction of the Court of Appeals is that which is the essence and substance of the judgment and by which the party may discharge himself."

[3] In *C. L. Ritter Lumber Co.* v. *Coal Mountain, &c. Co.,* 115 Va. 370, 79 S. E. 322: "Where a decree fixes upon a defendant a personal liability for whatever balance of a debt remains unpaid after crediting thereon a certain amount, no right of appeal exists until the extent of his pecuniary liability has been fixed."

We are of opinion, therefore, that the appeal was improvidently awarded, and that it should be dismissed.

*Appeal dismissed.*