# Richmond

## McKinley Blankenship, Et Als. v. Virginia Unemployment Compensation Commission, Et Als.

February 24, 1941.

Record No. 2321.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*H. M. Bandy* and *H. M. Bandy, Jr.,* for the appellants.

*Abram P. Staples, Attorney-General, Kenneth C. Patty, Assistant Attorney-General, Robert R. Parker, James L. Camblos, George C. Peery* and *Greever & Gillespie,* for the appellees.

SPRATLEY, J., delivered the opinion of the court.

The jurisdiction of this court to hear this appeal is challenged. To determine that question, a brief review of the facts and proceedings is required.

In the year 1939, there was a general stoppage of work in many of the coal mines in the southwestern section of this State. Among the miners who became unemployed were McKinley Blankenship, Henry A. Dailey, J. A. Carpenter, Paul B. Sykes, Taylor Glover and Archie A. Haggy, the appellants here. The appellants and several thousand other unemployed miners filed their separate benefit claims with the Virginia Unemployment Compensation Commission. See The Virginia Unemployment Compensation Act, Acts of Assembly, 1936-7, Ex. Sess., page 3; Virginia Code, 1938 Supplement, section 1887 (98).

The Commission, on account of the large number of claims having the same facts and involving the same issues, by consent of parties, heard the claim of Elbert Rainey, as a test case. It found that his unemployment was due to a stoppage of work resulting from a labor dispute, and that, therefore, he was disqualified to receive unemployment benefits. Virginia Unemployment Com-

pensation Act, section 5 (d); Virginia Code, 1938 Supplement, section 1887 (97) (d). It then ordered that the claims filed by other employees, upon the same facts, be denied. Among such other employees were the appellants.

A petition for review of the decision of the Commission was then filed in the Circuit Court of Tazewell County against the Unemployment Compensation Commission, its members and three coal companies, named as employers. "McKinley Blankenship, Taylor Glover, et als.," are named in its caption as claimants. It recites that "Your petitioners, McKinley Blankenship, et als., Claimants, humbly complaining would represent * * * that they are aggrieved by reason of" the decision of the Commission, and then states the grounds of complaint. It prays that "Your petitioners and all other employees in Tazewell County, Virginia, in the same status of your petitioners," who have field appeals before the Commission for unemployment compensation benefits, be allowed such benefits, in accordance with their filed claims, and that the order of the Commission based upon its decision be set aside and annulled. The petition is signed, "McKinley Blankenship, et als., Claimants, by counsel".

The appellants also filed an amended petition, seeking to include another mining corporation as party defendant, setting out new and further allegations as to the status of the complainants and additional grounds for relief.

The Unemployment Compensation Commission and the defendant employers filed answers supporting the findings of the Commission and denying the right of the appellants to receive the benefits claimed.

For the information of the circuit court, a statement was filed showing the benefit status of the appellants as follows: Blankenship $65.42; Dailey $143.31; Carpenter $131.83; Sykes $240.00; Glover $166.50; and Haggy $230.40.

The circuit court, upon review, approved and confirmed the decision of the Commission. From that decree the appellants applied for and obtained this appeal upon the ground that the decisions of the Commission and the trial court were contrary to the law and the evidence, and without evidence to support them.

On the question of jurisdiction, the appellants contend that this court has jurisdiction to hear their appeal because the amount of their claims, in the aggregate, is more than $300, exclusive of interest and costs.

This court derives its jurisdiction and power wholly from the Constitution and statutes of this State. Its jurisdiction rests solely upon the written law, and neither custom nor the consent of parties can enlarge it. When the legislature has prescribed limitations within which the right of appeal may be exercised, such limitations are exclusive, and the court cannot modify or enlarge them without express statutory authority.

Subsection (i) of section 6 of the Unemployment Compensation Act, Virginia Code, 1938 Supplement, section 1887 (98) (i), in effect in 1939, read as follows: "An appeal may be taken from the decision of such court (referring to a circuit or corporation court) to the Supreme Court of Appeals, in conformity with the general law governing appeals in civil cases."

In 1940, Acts 1940, ch. 334, the legislature substituted the word "equity" for the word "civil," the next to the last word in the above excerpt from the Act. This change is not material here except to indicate the intention of the legislature to make the provision accord with a similar provision in the Workmen's Compensation Act, Virginia Code 1936, section 1887 (61).

The general law, enacted in pursuance of section 88 of the Constitution of Virginia after the revision of 1928, to which such appeals must conform, is found in Virginia Code, Supp. 1938, section 6337:

"No petition shall be presented for an appeal from, or writ of error or *supersedeas* to, any final judgment,

decree, or order, whether the Commonwealth be a party or not, which shall have been rendered more than four months before the petition is presented, or if it be an appeal from a final order, judgment or finding of the State Corporation Commission which shall have been rendered more than four months before the petition is presented, or if it be an appeal from a final award of the Industrial Commission the petition be not presented within the time provided by section sixty-one of the Virginia Workmen's Compensation Act (§1887(61) of this Code); * * * nor to a judgment, decree, or order of any court when the controversy is for a matter less in value or amount than three hundred dollars, exclusive of costs, unless there be drawn in question a freehold or franchise or the title or bounds of land, or the action of the State Corporation Commission or some matter not merely pecuniary; * * * ."

That the matter in controversy is merely pecuniary is not contested. Each individual appellant has a claim separate and distinct from that of his fellows. Neither appellant has any share or interest in the claims of his fellow-appellants, nor have they any interest in his. The appellants are not suing as trustees for the benefit of all the unemployed miners, or as the representatives of a fund to which such miners are alleged to be entitled. No one of their several claims amounts to $300.

It has long been settled in Virginia that several claims, even though they be of like nature and against the same defendant, cannot be consolidated so as to give this court appellate jurisdiction. *Gilman* v. *Ryan*, 95 Va. 494, 28 S. E. 875; *White* v. *Valley Bldg., etc., Co.*, 96 Va. 270, 31 S. E. 20; *Lawson* v. *Bransford*, 87 Va. 75, 12 S. E. 108; *Gregory* v. *Bransford*, 87 Va. 77, 12 S. E. 109.

Virginia Code, sections 6336 and 6337, both specifically exclude a monetary limitation as to appeals from the State Corporation Commission. Section 6337 specifically refers to appeals from the Industrial Commission, but

does not exclude the pecuniary limitation to appeals therefrom. Neither of the sections refers by name to the Unemployment Compensation Commission.

This is a case of first impression under the Virginia Unemployment Compensation Act. A like question, arising before the constitutional revision of 1928, under the Virginia Workmen's Compensation Act, where the language of the statute is similar to that in the statute here involved, has, however, been decided by this court. *Bee Hive Mining Co., et al.* v. *Ford,* 144 Va. 21, 131 S. E. 203.

Virginia Code 1936, section 1887 (61), provides that "Appeals shall lie from such award (award of the Industrial Commission) to the supreme court of appeals in the manner as provided by law for appeals in equity cases from circuit and corporation courts."

In the above case, decided in 1926, this court in construing section 1887 (61), in connection with section 88 of the Constitution of Virginia, 1902, and Virginia Code, section 6337, said: "Appeals do not lie as a matter of right, irrespective of the amount in controversy, from awards of the Industrial Commission."

Although the Workmen's Compensation Act has been amended many times, in other respects, since 1926, there has been no amendment of section 1887 (61).

Prior to an amendment in 1922, this court was without jurisdiction to entertain appeals either from the Industrial Commission or from the circuit or corporation courts in cases arising under the Workmen's Compensation Act, except as provided in section 88 of the Constitution of 1902. The remedies provided by that Act were held to be exclusive. *Richmond Cedar Works* v. *Harper,* 129 Va. 481, 106 S. E. 516.

When the legislature, in 1940, amended the provision relating to appeals from the Unemployment Compensation Commission, it had full knowledge of the decision of this court in *Bee Hive Mining Co., et al.* v. *Ford, supra.* In 1928, by reason of a situation which developed in that case, it amended the Workmen's Compensation

Act by extending the power of the Industrial Commission as to its approval and award of fees for doctors and attorneys; but failed to enlarge the right of appeal from the Commission, notwithstanding the decision of this court as to the limitation upon the right. See *Bee Hive Mining Co.* v. *Industrial Commission,* 144 Va. 240, 132 S. E. 177.

The language of subsection (i) of section 6 of the Unemployment Compensation Act, heretofore quoted, makes the general law the test of jurisdiction in appeals to this court. The remedies provided by that section, and by section 6337, the "general law governing appeals," are exclusive.

The word "conformity," in subsection (i) of section 6, is defined in Webster's New International Dictionary, 2nd Ed., to mean "harmony" or "agreement." Thus, for an appeal to be "in conformity with the general law," it must be in accordance, in agreement, or in harmony therewith. The general law governing appeals provides a pecuniary limitation.

Not only the language of the statute, but the further fact that the legislature has not, in Code, section 6337, included appeals from the Unemployment Compensation Commission in the same class as appeals from the State Corporation Commission negatives the presumption of any intention to enlarge or increase appellate jurisdiction in respect to such appeals. If the legislature had intended that appeals should be allowed from all decisions of the Unemployment Compensation Commission, irrespective of the amount involved, it would have been a very simple matter to have added words to that effect.

In *Rudacille* v. *State Commission,* 155 Va. 808, 817, 156 S. E. 829, Mr. Justice Holt, speaking for this court, said: "The right of appeal is no part of due process of law. All that a litigant can ask is that in some appropriate way, before some duly constituted tribunal, his compensation shall be determined." (Cases cited.)

In the instant case, the appellants have had their

claims for compensation presented to and passed upon by two duly constituted tribunals, specifically charged with the jurisdiction and duty to determine the questions involved. The legislature has not further extended the right of appeal in cases of this character, and this court is without power and authority so to do.

We have reached the conclusion that one who claims that a decision of the Unemployment Compensation Commission, in a matter merely pecuniary, is in error, must show that the jurisdictional amount of $300 is involved before he can be heard by this court. We have, therefore, neither the right, power nor authority to pass upon any other question involved in this case. The appeal must be dismissed.

*Appeal dismissed.*