# Richmond

## R. H. Bolling v. Old Dominion Power Company, Incorporated.

April 26, 1943.

Record No. 2642.

Present, All the Justices.

The opinion states the case.

*M. M. Heuser,* for the appellant.

*E. Randolph Williams, T. Justin Moore* and *Camblos & Sandt,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

The appellee challenges the jurisdiction of this court to hear this appeal on the ground that it involves matters "merely pecuniary," and that the jurisdictional amount of $300, required by Code, section 6337 (as amended by Acts 1922, ch. 41, p. 45; Acts 1938, ch. 76, p. 134), is lacking. A review of the facts and proceedings conclusively demonstrates, we think, that the point is well taken.

R. H. Bolling, the appellant, suing "on behalf of himself and all other consumers and purchasers of electrical energy sold by Old Dominion Power Company, Incorporated, within the corporate limits of the towns of Norton and Appalachia, Wise County, Virginia," who might come in and share the expense of the suit, filed a bill in the court below against the Old Dominion Power Company, Incorporated, alleging, in substance, these matters: That the

defendant is a public utility corporation, owning and operating facilities in Wise and Lee counties for the generation, transmission, distribution and sale therein of electrical energy; that on July 23, 1941, it put into effect a schedule of rates effecting a reduction in the charges made to consumers of electrical energy in these counties, excepting, however, those consumers within the corporate limits of the towns of Appalachia and Norton, whose rates were not reduced; that by reason of such exception this schedule of rates was discriminatory and unjust to the consumers in the towns of Appalachia and Norton; that under this schedule "there was unlawfully exacted from him (the plaintiff) on his July, August and September, 1941, bills the sum of $1.50 per month; that similar overcharges have been made against him in each succeeding month until and including the bill rendered on April 1, 1942, and that similar unlawful overcharges were made during said time from all other consumers in the towns of Appalachia and Norton, * * *; that such overcharges have been paid in order to avoid discontinuance of service"; that the exact number and names of all such persons from whom overcharges had been exacted by the defendant, and the amount exacted from each, were known to the defendant but not to the plaintiff; and that the plaintiff "is informed and believes and, therefore, avers that there are approximately one thousand five hundred (1,500) of such consumers and that the aggregate amount so unlawfully exacted from them is approximately six hundred ($600.00) Dollars per month."

The prayer of the bill was "that said defendant be required by decree of this court to ascertain, state, report and account before this court the amounts of the unlawful overcharges made against plaintiff and all other persons, firms and corporations, disclosing the amounts due to each person, firm or corporation for each month in which such overcharge has been made, as well as the aggregate of all such overcharges; that the defendant be required to make reimbursement to all entitled thereto and to pay the costs and expenses * * * incident to this proceeding".

The defendant filed a plea in abatement alleging, in substance, that the lower court was without jurisdiction of the subject matter of the suit and that the same was exclusively under the jurisdiction of the State Corporation Commission of Virginia. This plea was sustained and resulted in a final decree dismissing the bill of complaint. From that decree the plaintiff has appealed.

It will be observed that the plaintiff alleges that the defendant has "unlawfully exacted from him" overcharges amounting to the sum of $1.50 per month from July 1, 1941, to April 1, 1942, inclusive, or a total of $13.50. Although there is a further allegation that in a like manner the defendant has unlawfully exacted overcharges amounting to $600.00 per month from approximately 1500 of such consumers, there is no allegation that the overcharge in the case of any one consumer amounts to as much as $300.

While the claims for overcharges are of a like nature, the consumers have no common interest in the fund sought to be recovered. Each is merely pursuing the same debtor and is seeking to have the latter refund to him the amount of the overcharges unlawfully exacted. Should they prevail each would be entitled, in effect, to a separate judgment against the defendant for the amount unlawfully exacted of him.

As we recently said, through Mr. Justice Spratley, in *Blankenship* v. *Virginia Unemployment Compensation Comm.*, 177 Va. 250, 255, 13 S. E. (2d) 409, 412: "It has long been settled in Virginia that several claims, even though they be of like nature and against the same defendant, cannot be consolidated so as to give this court appellate jurisdiction. *Gilman* v. *Ryan*, 95 Va. 494, 28 S. E. 875; *White* v. *Valley Bldg., etc., Co.*, 96 Va. 270, 31 S. E. 20; *Lawson* v. *Bransford*, 87 Va. 75, 12 S. E. 108; *Gregory* v. *Bransford*, 87 Va. 77, 12 S. E. 109."

See also, *Umbarger* v. *Watts*, 25 Gratt. (66 Va.) 167, 170, 171; *Buchanan* v. *Arrington & Co.*, 162 Va. 387, 174 S. E. 666; Burks' Pleading and Practice, 3d Ed., sec. 391, p. 738.

The plaintiff argues that the suit involves matters not merely pecuniary because "his complaint is not so much for the sums of money heretofore exacted from him and 1500 other persons, as it is the right of the appellee to exact them". This argument is not sound. The purpose of the present proceeding is merely to recover excessive charges alleged to have been made and exacted by the defendant from the plaintiff and others similarly situated. The fact that the defendant's right to exact such excessive charges is involved does not make the subject matter of the suit any the less a pecuniary matter. The right of the plaintiff to recover the amount which he demands of the defendant, and the right of the defendant to withhold such amount, are the basis of every simple suit to recover a debt, and yet, unless $300 or more is involved, this court has no jurisdiction of such an action. Code, sec. 6337, as amended.

For these reasons, we are of opinion that the appeal must be dismissed as improvidently awarded.

*Appeal dismissed.*