60473. QUINN v. SAMPLES.

QUILLIAN, Presiding Judge.

The instant case involving a release is controlled by the decision in *Daniel v. Conrad,* 242 Ga. 119, 120 (249 SE2d 603) wherein it was held: "Where the parties to a written instrument have equal opportunities and means of knowing the truth concerning the contents and meaning of the instrument, the courts generally have

expected each party to rely upon his own discretion, rather than acting upon the representations of the other side. *Bass v. Seaboard A. L. R. Co.,* 205 Ga. 458, 467 (53 SE2d 895) (1949). Because no fiduciary relationship exists between a claimant and the insured's insurance carrier, a release obtained by the insurance agent is binding on the claimant even if the statements and representations made by the agent were incorrect or erroneous *unless the agent by artifice, trick, or fraud prevented the claimant from reading the entire release.*" (Emphasis supplied.) Accord *Conklin v. Liberty Mut. Ins. Co.,* 240 Ga. 58, 60 (239 SE2d 381).

Here the plaintiff asserts fraud with regard to the representations made by the defendant insurance company as to the legal effect of the agreement. However, no fraud is shown as would have or did prevent the plaintiff from reading the release. Hence, the trial judge did not err in granting summary judgment for the defendant insurance company.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED OCTOBER 21, 1980.

*Harvey A. Monroe,* for appellant.
*I. J. Parkerson, William S. Shelfer, Jr.,* for appellee.