64032. YEAGER et al. v. POOLE TRUCK LINES, INC. et al.

BANKE, Judge.

The appellants, Samuel and Peggy Yeager, suffered personal injuries and property damage when their automobile collided with a truck owned by Poole Truck Lines, Inc., and operated by its employee. They appeal from an order of the trial court granting summary judgment to the appellees based on their execution of a general release. *Held:*

1. The appellees have moved to dismiss the appeal as premature because a counterclaim was pending at the time the notice of appeal was filed. This counterclaim was dismissed voluntarily approximately two weeks later. Where the appeal is too early, rather than too late, "[t]he rule now is that if the notice is sufficient to advise the opposing party that an appeal is being taken from a specific judgment, and if no prejudice will result to the appellee in allowing the appeal, then the appeal should not be dismissed merely because the notice was premature." *Kenerly v. Yancey,* 144 Ga. App. 295, 296 (241 SE2d 28) (1977). We find no lack of notice or danger of prejudice to the appellee in this case. Therefore the motion is denied.

2. The undisputed facts are that sometime after the collision, Mr. and Mrs. Yeager met with the Poole Company claims manager and submitted certain medical bills to him, as well as a statement of lost earnings and a statement of damage to their automobile. They accepted, and later cashed, a check in the amount of $1,906.15. The check contained the following words preceding the endorsement: "The amount on the face of the check represents full and final settlement of any and all claims . . ." The trial court found that this release precluded the appellants' recovery, despite their affidavits to the effect that their acceptance of the check was intended as only a partial settlement and that future payments were anticipated.

"Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard v. Brewer,* 118 Ga. 918 (1) (45 SE 711) (1903). "Even assuming . . . [the claims manager] . . . misrepresented the purpose or extent of the release, the record in this case does not disclose any artifice, trick, or fraud perpetrated upon appellant[s] to prevent . . . [them] . . . from reading the entire release. [Cits.]" *Andrews v. Skinner,* 158 Ga. App. 229, 231 (279 SE2d 523) (1981); also see *Quinn v. Samples,* 156 Ga. App. 168 (274 SE2d 141) (1980).

A different result is not required because of evidence that the Poole Company subsequently gave the appellants a second check in the amount of $896.60 in response to their' submission of an additional hospital bill to the claims manager. This check also indicated on its face that it was for "Full and Final Payment any and all claims." The effect of this language was not altered by the appellant's modification of the release language at the time they negotiated the check. See *American Food Purveyors v. Lindsay Meats,* 153 Ga. App. 383 (265 SE2d 325) (1980).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 2, 1982.

*Joseph J. Anthony,* for appellants.
*John P. Hines, Samuel A. Murray, H. Durance Lowendick, C. Davis Bauman,* for appellees.