## 65093. DUPREE v. TRAVELERS INSURANCE COMPANY.

BANKE, Judge.

This case involves yet another claim for optional no-fault benefits generated by *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). In this case the insured's policy provided for the minimum $5,000 coverage. It was issued on October 18, 1979, and it is undisputed that the insured died in an automobile accident on June 28, 1980. His widow accepted the $5,000 in benefits provided under the no-fault provisions for the decedent's estate and signed a full and complete release on September 8, 1980. *Jones* was decided on October 22, 1980.

In subsequent litigation, the widow was removed as executrix of the estate. She also acknowledged that she was indebted to the estate and pledged to return any share which she might receive or any sums which might be awarded her as year's support. The insurer denied the estate's claim for $45,000 in additional no-fault benefits for lost wages. This appeal is from the trial court's grant of summary judgment to the insurer in an action for declaratory judgment by the insurer to determine the rights and liabilities of the parties under the policy. *Held:*

From the record before us, including the trial court's order, we cannot determine precisely the basis for the trial court's judgment in favor of the insurer. The insurer contended that the insured was offered and expressly rejected the optional PIP coverage sought by the estate. The insurer also maintained that the full and complete release given by the insured's widow barred further recovery. Both issues have been determined adversely to the insurer by the Georgia Supreme Court in the recent case of *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983). In that opinion, the court held that "the requirements of subsection (b) are satisfied by two signatures, one for the acceptance or rejection of optional PIP and another to indicate acceptance or rejection of vehicle damage coverage." Supra, 711. The application in the case before us is deficient in that it has only one signature for the optional coverages.

The Supreme Court also held that a "full release to others for all

tort claims cannot be pled as a defense by the insured's own insurer where the insurer has violated a statutory duty to the insured under OCGA § 33-34-5 (Code Ann. § 56-3404b)." Supra, 715. Mrs. Flewellen signed a general release while the widow in the case before us now executed her release in favor of the insurer for any and all economic loss benefits which might be claimed under the policy. However, it is clear from Division 4 of the *Flewellen* opinion and from the Supreme Court's reliance upon *Matthews v. Gulf Life Ins. Co.,* 64 Ga. App. 112 (12 SE2d 202) (1940), that the insurer in the case before us may not avoid its liability based on the release it obtained from the insured's widow.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 11, 1983 —
REHEARING DENIED MARCH 29, 1983 — 

*Donald W. Huskins,* for appellant.
*Oliver B. Dickins, Jr., Bryan F. Dorsey,* for appellee.