## 68257. SEAGRAVES v. TRAVELERS INSURANCE COMPANY.

DEEN, Presiding Judge.

The appellant, Fred Seagraves, commenced this action against the appellee, the Travelers Insurance Company, seeking payment of additional personal injury protection (PIP) benefits under an automobile liability insurance policy issued by the Travelers Indemnity Company, an affiliate of the appellee. Both parties moved for summary judgment; the trial court denied the appellant's motion but granted that of the appellee on the basis that the appellant had released his claim. This appeal followed.

The record shows that the appellant originally applied for automobile insurance on December 5, 1975, and it is undisputed that the application did not comply with the signature requirements of OCGA § 33-34-5 (b) for rejection of optional PIP coverage. Moreover, it appears that the insurer never otherwise attempted to give the appellant the opportunity to reject the optional coverage by utilization of a OCGA § 33-34-5 (c) notice. Including the subsequent semi-annual renewal periods, the appellant remained insured under the policy from December 5, 1975, until June 5, 1981.

On March 2, 1981, the appellant was injured in an automobile accident, and, because of those injuries, the appellee eventually paid him $5,000 basic no-fault coverage and $5,000 optional no-fault coverage under the policy. On August 11, 1981, the appellant demanded payment of additional PIP benefits from the appellee under a theory of stacking benefits. In making such a demand, the appellant contended that because the insurance policy actually had covered multiple vehicles, he was entitled to stack no-fault benefits available under each car for one accident, pursuant to *Helmly v. Gulf Ins. Co.*, 159 Ga. App. 339 (283 SE2d 370) (1981). The appellee denied this claim for stacking benefits but, in order to settle the case, ultimately did agree to pay the appellant $1,950 for his additional medical expenses ($1,650 already incurred and an estimated $300 for after care). On September 16, 1981, the appellant executed a general release which purported to release the appellee "from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising

from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof . . ." resulting from the accident of March 2, 1981.

On April 11, 1982, the appellant demanded that the maximum PIP benefits be made available and offered to pay any additional premium necessary for such maximum coverage. The appellee, of course, refused the additional claim, which refusal resulted in this action. *Held:*

Because the appellee insurer failed to comply with OCGA § 33-34-5 (b), the automobile insurance policy issued to the appellant provided from its inception for $50,000 PIP benefits. *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983); *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984). See also *Enfinger v. Intl. Indemnity Co.*, 253 Ga. 185 (317 SE2d 816) (1984), in which the Supreme Court held that a subsection (c) notice could not be utilized to cure a defective post March 1, 1975, application. *Flewellen* also held that a "full release to others for all tort claims cannot be pled as a defense by the insured's own insurer where the insurer has violated a statutory duty to the insured under OCGA § 33-34-5 . . ." *Flewellen v. Atlanta Cas. Co.*, supra at 715. This court has subsequently extended that rule to where an insured gave the insurer, rather than the actual tortfeasor, a full release of all claims. *Dupree v. Travelers Ins. Co.*, 166 Ga. App. 56 (303 SE2d 160) (1983). The appellee emphasizes that in *Dupree* the release was executed before the decision was rendered in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), while the release in the instant case was obtained almost one year after the *Jones* decision; we find no significance in this extraneous fact.

Although both parties now disagree as to the intended scope of the general release executed by the appellant on September 16, 1981, it is undisputed that the consideration for that release was payment of $1,950 for additional medical expenses incurred by the appellant. Payment of this type of expense was a no-fault benefit unquestionably owed by the insurer under the policy in question, up to the maximum PIP coverage of $50,000. Because there was no additional consideration to support the release of all claims, the instrument was ineffective as a release of the appellant's present claim. *Dupree v. Travelers Ins. Co.*, supra; see also *Perry v. Intl. Indemnity Co.*, 251 Ga. 709 (309 SE2d 139) (1983). Accordingly, the trial court erred in granting summary judgment for the appellee and in denying partial summary judgment for the appellant as to the issue of liability.

*Judgment reversed. McMurray, C. J., concurs. Sognier, J., concurs in the judgment only.*

Decided May 15, 1984 —
Rehearing denied July 10, 1984 — ▮▮▮▮▮▮▮

*John J. Capo, John L. O'Connor*, for appellant.
*Bryan F. Dorsey*, for appellee.