## 41745. MENENDEZ et al. v. PERISHABLE DISTRIBUTORS, INC. et al.
(329 SE2d 149)

PER CURIAM.

The United States Court of Appeals for the Eleventh Circuit sent us three certified questions. The answers to questions one and two are that Florida law applies. The third question is mooted by our answers above.

The facts of the case may be found in greater detail in *Menendez v. Perishable Distributors, Inc.,* 744 F2d 1551 (11th Cir. 1984). Briefly

stated, appellant was a passenger in an automobile traveling through Georgia when a collision occurred. Appellant and the driver were Florida residents at the time the suit was filed. The owner of the other vehicle and its driver resided in Georgia. Appellant filed suit in a Federal District Court in Georgia against the two drivers and the owner of the other vehicle. The driver of the automobile was dismissed by the court due to lack of total diversity. Appellant filed a separate suit in a Florida State Court against the automobile driver. The Florida case was settled and appellant signed a release in Florida. During the course of the trial in Federal Court against the driver and the owner of the other vehicle, appellees, the existence of the release was discovered. Appellees were allowed to orally amend their pleadings to assert the release as an affirmative defense, and the court directed a verdict in their favor.

In Georgia a release is "subject to the same rules as govern ordinary contracts in writing, and parol evidence is not admissible to contradict or vary the terms or stipulations." *Southern Bell Tel. &c. Co. v. Smith,* 129 Ga. 558 (59 SE 215) (1907); See also *Henslee v. Houston,* 566 F2d 475, 479-80 (5th Cir. 1978). A general release or a release which contains no reservations, executed in favor of one joint tortfeasor, in full settlement of damages, releases all joint tortfeasors. *Zimmerman's, Inc. v. McDonough Constr. Co.,* 240 Ga. 317, 319 (240 SE2d 864) (1977). Florida has, by statute, abolished the common law rule that the release of one tortfeasor discharges the other tortfeasors. F.S.A. § 768.041.

*QUESTION ONE:* "Under the choice of law rules of the State of Georgia, what state's substantive law governs the effect of a release that was executed in the State of Florida and that by its terms, forever discharged 'all . . . persons, firms or corporations . . . from any and all claims, demands, actions causes of actions or suits of any kind or nature whatsoever' arising from an injury-causing accident which occurred in Georgia?"

In Georgia, a release is a contract. See *Southern Bell Tel. &c. Co.,* supra at p. 558. Under the holding of *General Tel. Co. of the Southeast v. Trimm,* 252 Ga. 95 (311 SE2d 460) (1984), the Florida law controls the effect of the release under the rule of *lex loci contractus.*[1]

*QUESTION TWO:* "Under the choice of law rules of the State of Georgia, what state's substantive law governs the admissibility of extrinsic evidence establishing the intent of the contracting parties who executed a release in the State of Florida that, by its terms, forever

---

[1] See Ehrenzweig, Release of Concurrent Tortfeasors in the Conflict of Laws: Law and Reason Versus the Restatement, 46 Va.L.Rev. 713 (1960).

discharged 'all . . . persons, firms or corporations . . . from any and all claims, demands, actions, causes of actions or suits of any kind or nature whatsoever' arising from an injury-causing accident which occurred in Georgia?"

The rule of *lex loci contractus* controls all substantive matters, such as "the *nature, construction* and *interpretation* of contracts. [Cits.]" *Cox v. Adams*, 2 Ga. 158, 165 (1847). The rule of *"lex fori* controls all matters affecting only the remedy, such as rules of evidence, methods of shifting the burden of proof, and the presumptions arising from given states of fact. [Cit.]" *Hill v. Chattanooga R. &c. Co.*, 21 Ga. App. 104 (93 SE 1027) (1917).

The parol evidence rule " 'is not one merely of evidence, but is one of positive or substantive law founded upon the substantive rights of the parties.' [Cit.]" *Albany Federal Savings &c. Assn. v. Henderson*, 198 Ga. 116, 143 (31 SE 20) (1944); See also *Dunn v. Welsh*, 62 Ga. 241, 244 (1879). Likewise, contemporaneous documents are to be considered "in pari materia" with a form release "so that the intention of the parties may be ascertained and allowed to control." *Ga. Hwy. Express, v. United Parcel Service*, 164 Ga. App. 674 (297 SE2d 497) (1982). Because this extrinsic evidence consisting of contemporaneous documents may be used to determine the intention of the parties, and thus their substantive rights, the law of Florida controls under the rule of *lex loci contractus.*

*QUESTION THREE*: "Assuming the answers to the previous questions are to the effect that Georgia law governs: Under the substantive law of the State of Georgia, can litigants stipulate during oral argument before an appellate court to choice of law rules that differ from the choice of law rules later pronounced by the courts of the State of Georgia, where accepting the stipulation would result in an application of another state's substantive law to govern the effect of a release and the admissibility of extrinsic evidence establishing the intent of the contracting parties?"

Our answer to questions one and two above make the third question moot.[2]

*Certified questions answered. All the Justices concur, except Gregory, J., who dissents.*

GREGORY, Justice, dissenting.

I dissent for the reason that I would adopt the "center of gravity" theory as indicated in my dissenting opinion in *General Tel. Co. of the Southeast v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984). That

---

[2] We acknowledge appellee's argument regarding pleading and proof, and note that "a federal court may take judicial notice of foreign law regardless of state court practice." *Old Hickory Products Co. v. Hickory Specialties, Inc.*, 366 FSupp. 913 (5th Cir. 1973).

choice of law theory, which I will not undertake to analyze on these facts, might very well bring about a different result from that reached in the majority opinion.

DECIDED MAY 2, 1985.

*Keenan & Assoc., Don C. Keenan, David S. Bills, Robert A. Falanga,* for appellants.
*Gray, Gilliland & Gold, T. Cullen Gilliland, M. Scott Barksdale,* for appellees.