70595. WHITE v. LOTT et al.
(333 SE2d 118)

BANKE, Presiding Judge.

The appellant brought this action to recover for personal injuries she allegedly sustained as the result of an automobile collision. At the time of the collision, the appellant was a guest passenger in an automobile owned by appellee Richard Kinard and being driven as a family purpose vehicle by appellee Rose Kinard Vaughn. The other vehicle involved in the collision was being driven by appellee William Evans Lott. Each of these three was named as a defendant, as was appellee A-1 King Size Sandwiches, Inc., whose liability was predicated on the action of one of its employees in allegedly having parked a truck in such a manner as to obstruct visibility at the intersection where the collision occurred. All the defendant-appellees were granted summary judgment on the basis of a release which the appellant and her husband had executed in favor of Richard Kinard, Rose Kinard Vaughn, and "any other person, partnership, firm, or corpora-

tion charged or chargeable with responsibility or liability . . ." arising from the accident. On appeal, the appellant contends that fact issues exist concerning whether this release was invalidated by lack of consideration, unequal bargaining position, and mutual mistake.

It is undisputed that Allstate Insurance Company, as the provider of motor vehicle insurance coverage on the Kinard automobile, paid the appellant and her husband $2,000 for the execution of the release. However, the appellant contends that this payment may be viewed as a payment of "no-fault" benefits owed under the policy in question, rather than as a payment made in settlement of a disputed personal injury claim. The appellant concedes that she had previously received $2,500 in "no-fault" medical benefits from the insurance company and that this was the maximum to which she was entitled under the strict terms of the policy, but she contends that because the insurance company paid appellee Rose Kinard Vaughn more than the maximum amount of no-fault benefits to which she was entitled under the terms of the policy, it thereby incurred a liability to her for a similar overpayment. *Held*:

1. The $2,000 payment was obviously made by the insurer and accepted by the appellant and her husband in settlement of any personal injury or property damage claims the appellant and her husband might have against Richard Kinard, Rose Kinard Vaughn, and others as a result of the accident. Allstate was neither named in the release nor made a party to this suit. Thus, even assuming *arguendo* that its alleged overpayment of "no-fault" benefits to Rose Kinard Vaughn somehow conferred upon the appellant a right of action for a similar overpayment, an assumption which strains both law and logic well past the breaking point, this would have no effect whatsoever on the validity of the release. No authority to the contrary appears in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (4) (300 SE2d 673) (1983); *Perry v. Intl. Indem. Co.*, 169 Ga. App. 818 (2) (315 SE2d 13) (1984), or *Seagraves v. Travelers Ins. Co.*, 171 Ga. App. 525, 526 (320 SE2d 181) (1984). Those cases hold that an insurer's payment of basic "no-fault" benefits is insufficient to support the release of a claim for optional benefits. The release at issue in the present case does not purport to be in settlement of a claim for no-fault benefits owed by an insurer but in settlement of all claims against persons chargeable with liability for the accident.

2. The record reveals without dispute that the claims representative who obtained the release was not even present when the appellant and her husband signed it but instead mailed it to them and received it back by mail. There is no suggestion that the signatures were procured by fraud, duress, or undue influence, nor is there any evidence that the appellant and her husband were prevented from reading the document before they signed it. Under these circum-

stances, the release would not be invalidated by any alleged misrepresentation the claims representative might have made regarding the legal effect of the document. Accord *Daniel v. Conrad,* 242 Ga. 119 (249 SE2d 603) (1978); *Wyatt v. Jones,* 159 Ga. App. 93 (283 SE2d 48) (1981); *Yeager v. Poole Truck Lines,* 162 Ga. App. 803 (293 SE2d 64) (1982).

3. The release was clearly and unambiguously designated on its face as a "release of all claims," and there is no evidence to suggest that the appellant's alleged misunderstanding regarding its legal effect was shared by either the insurance company or by the appellees. Consequently, no fact issue exists with regard to the defense of mutual mistake. Compare *Vann v. Williams,* 165 Ga. App. 457 (299 SE2d 908) (1983). See generally OCGA § 23-2-22; *Hartford Accident &c. Co. v. Walka Mtn. Camp,* 224 Ga. 194 (160 SE2d 833) (1968); *Layfield v. Sanford,* 247 Ga. 92, 93 (274 SE2d 450) (1981).

4. There appearing to have been no reasonable ground upon which to anticipate reversal of the trial court's judgment, a penalty in the amount of $200 is hereby assessed against the appellant, pursuant to Rule 26 (b) of this court, for filing a frivolous appeal. The trial court is hereby directed to enter judgment in such amount in favor of the appellees.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 13, 1985 —
REHEARING DENIED JUNE 28, 1985.

*Donald L. Johstono,* for appellant.
*Robert S. Slocumb, Thomas S. Chambless, R. Kelly Raulerson, John S. Sims, Jr.,* for appellees.