69447. EDENFIELD v. ROGERS.
(338 SE2d 72)

McMURRAY, Presiding Judge.

Our judgment in the case sub judice, *Edenfield v. Rogers*, 174 Ga. App. 37 (329 SE2d 183), has been vacated by the Supreme Court and the case remanded for reconsideration in light of *Menendez v. Perishable Distributors*, 254 Ga. 300 (329 SE2d 149). *Held*:

1. In light of *Menendez v. Perishable Distributors*, supra, we hold that California law controls the effect of the release executed by defendant Rogers in that state.

2. While the trial court may have mistakenly applied Georgia law in reaching its ruling on plaintiff's motion for summary judgment, we note its conclusion that: "The issue of the intent of the Defendant in signing the release with Honda is a matter to be decided by the trier of fact." This conclusion is consistent with the defendant's proof as to California law. (In regard to the proof of the law of a sister state see *Abruzzino v. Farmers' &c. Bank*, 168 Ga. App. 639, 640 (1) (309 SE2d 911)). In the case sub judice, defendant has presented expert opinion evidence that: "In California the release by a party of one or more joint tortfeasors does not operate to release others, California Code of Civil Procedure, § 877. In [California] the contrary common law rule has been abrogated by statute. Also, a mere 'recital' in a release such as we have here has been held not to be controlling; instead, whether the releasor intended to discharge unnamed parties or other claims is a question of fact relating to the parties' intentions to be decided, after trial, by the court. [Cit.]" As defendant has presented additional evidence showing his lack of intention to release his claim against plaintiff, a genuine issue of material fact remains for resolution, and the trial court did not err in denying plaintiff's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1985 —
REHEARING DENIED NOVEMBER 5, 1985.

*A. Martin Kent, R. Stephen Sims,* for appellant.
*Thomas C. Bordeaux, Jr.,* for appellee.
*Gene Mac Winburn, Ben B. Mills,* amici curiae.