Amojine Lander SINGLETARY, Plaintiff,

v.

SOUTHEASTERN FREIGHT LINES, INC., and Liberty Mutual Insurance Company, Defendants.

No. 1:92–cv–1647–CAM.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 14, 1993.

Bradley Miles Hannan, Kitchens Wolfson Kitchens & Smith, Valdosta, GA, for plaintiff.

Lowell Steven Fine, Mark E. Bergeson, Alembik Fine & Callner, Atlanta, GA, for defendants.

## ORDER

MOYE, District Judge.

Defendants's motion to certify this Court's order of September 13, 1993 for interlocutory appeal is **GRANTED.**

The Court notes, however:

(1) *Yeager v. Poole Truck Lines, Inc.*, 162 Ga.App. 803, 293 S.E.2d 64 (1982), cited by defendant as inconsistent with *Georgia Highway Express, Inc. v. United Parcel Service, Inc.*, 164 Ga.App. 674, 297 S.E.2d 497 (1982), which this Court held to be a controlling precedent in its earlier order in this case, antedates the *Georgia Highway Express* case. Under classic *Erie* doctrine, in a diversity case, a federal court should follow the latest appropriate state decision at whatever point in the federal proceedings it comes. *Vandenbark v. Owens–Illinois Glass Co.*, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941); *Huddleston v. Dwyer*, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246 (1944).

(2) Even a more recent dictum of a state's highest court must be considered by a federal court. *Nolan v. Transocean Air Lines*, 365 U.S. 293, 81 S.Ct. 555, 5 L.Ed.2d 571 (1961). Thus, the strong approval by the Supreme Court of Georgia in *Menendez v. Perishable Distributors, Inc.*, 254 Ga. 300, 329 S.E.2d 149 (1985), *overruled by Posey v. Medical Center West, Inc.* 257 Ga. 55, 354 S.E.2d 417 (1987) (on other grounds), of the rule enunciated in *Georgia Highway Express*, even if dictum, may itself be considered controlling by a federal court. Professor Charles Alan Wright points out in his chapter on the *Erie* Doctrine that:

> "If there are no holdings from state courts, high or low, on the matter that the federal court is to decide, that court must look for other indications of the state law. Though there are various remarks from federal courts about the effect of state court dicta, such remarks should not be read out of context. Much depends on the character of the dictum. Mere obiter may be entitled to little weight, while a carefully considered statement by the state court, though technically dictum, must carry great weight, and may even, in the absence of any conflicting indication of the law of the state, be regarded as conclusive."

Charles Alan Wright, *Law of Federal Courts* 374 (4th ed. 1983).

This Court regards the Georgia Supreme Court's adoption of the ruling in *Georgia Highway Express* (that contemporaneous

documents are to be considered *in pari materia* with *form, general* releases), as falling within the latter category.

(3) In *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967), the Supreme Court said, per Justice Clark:

"Moreover, even in diversity cases this Court has further held that while the decrees of 'lower state courts' should be 'attributed some weight ... the decision [is] not controlling ...' where the highest court of the State has not spoken on the point. * * * And in *West v. A.T. & T. Co.*, 311 U.S. 223 [61 S.Ct. 179, 85 L.Ed. 139] (1940), this Court further held that 'an intermediate appellate state court ... is a datum for ascertaining state law which is not to be disregarded by a federal court *unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.*' [311 U.S.] At 237 [61 S.Ct. at 183]. (Emphasis supplied.) Thus, under some conditions, federal authority may not be bound even by an intermediate state appellate court ruling. It follows here then, that when the application of a federal statute is involved, the decision of a state trial court as to an underlying issue of state law should *a fortiori* not be controlling. This is but an application of the rule of *Erie R. Co. v. Tompkins, supra,* where state law as announced by the highest court of the State is to be followed. This is not a diversity case but the same principle may be applied for the same reasons, *viz.,* the underlying substantive rule involved is based on state law and the State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State. In this respect it may be said to be, in effect, sitting as a state court. *Bernhardt v. Polygraphic Co.*, 350 U.S. 198 [76 S.Ct. 273, 100 L.Ed. 199] (1956)."

In commenting on *Bosch* Professor Wright states:

"Thus the federal judge need no longer be a ventriloquist's dummy. Instead he is free, just as his state counterpart is, to consider all the data the highest court of the state would use in an effort to determine how the highest court of the state would decide. This is as it should be."

Charles Alan Wright, *Law of Federal Courts* at 373–74.

As pointed out in its earlier order, this Court is convinced that the rule set out in *Georgia Highway Express,* and *Menendez* is the authoritative expression of current Georgia law on the subject of the relationship of contemporaneous documents to *form, general* releases. It is clear that the Georgia Supreme Court's response to the certified question from the Court of Appeals for the Eleventh Circuit was intended to be a statement of a principle of law of general application, not restricted to the peculiar facts of the then-pending case.

Furthermore, this conclusion is, in the view of this Court, the correct one. In view of the widespread use of *form, general* releases (as contrasted to individually negotiated releases, conforming to the precise parameters of the claim, and the intentions of the parties), it is essential that the true intentions of the parties be subject to proof. The (so-far) undisputed facts regarding the execution of the release here involved, if true in fact as to which the Court has no opinion, could very well be characterized as a trap for the unwary, the unlearned in the law, or the weak and gullible. To allow the introduction of authoritative, contemporaneous documents bearing on the true intentions of the parties (here the intentions of the defendants themselves) advances the truth, and harms no one.

In *Williams v. Physicians & Surgeons Community Hospital, Inc.*, 249 Ga. 588, 589–91, 292 S.E.2d 705 (1982), the Georgia Supreme Court said:

"We are in full accord with the rule established in *Knight v. Lowery* that release of one tortfeasor releases a successive tortfeasor only if the parties to the release intended to release both tortfeasors. *Our decision there was but a specific application of the broader principle that '... a plaintiff should never be compelled*

to surrender his cause of action against any wrongdoer unless he has intentionally done so, or unless he has received such full compensation that he is no longer entitled to maintain it.'" (Emphasis supplied.)

\* \* \* \* \* \*

"Furthermore, we believe that a rule requiring strict adherence to the terms of a, preprinted release form is unfair to laymen who may be unknowledgeable or not represented by an attorney during the negotiation and execution of the release."

*Williams,* a Supreme Court case, was decided June 30, 1982. *Yeager,* an intermediate appellate court case relied on by defendant, was decided only two days later, on July 2, 1982, and did not refer to or mention *Williams,* but rather relied upon the Supreme Court case of *Bullard v. Brewer,* 118 Ga. 918, 45 S.E. 711, which was decided in 1903. By contrast, *Georgia Highway Express,* decided on November 22, 1982, four and one-half months after *Williams,* cited and relied upon *Williams.*

While the law in Georgia as to the admissibility of parol evidence where form general releases are involved may have been somewhat uncertain at the time *Williams* was decided, the trilogy of *Williams, Georgia Highway Express* and *Menendez* leaves little doubt now as to what is the correct rule.

(4) Although this Court continues to believe that its order of September 13, 1993, embodied a correct application of the law, defendant has pointed the Court to *Strong v. Bucyrus–Erie Co.,* 476 F.Supp. 224 (E.D.Wis. 1979) as holding that a district court should sanction an interlocutory appeal where it is "reasonable that an appellate judge could vote for reversal of the challenged order." Having had appellate judges disagree with this Court's orders on several occasions, this Court is not prepared to say that no reasonable appellate judge would vote to reverse this Court's earlier order.

Interlocutory appeal certified.

SO ORDERED.